MARGARET SKAMARAK v. DAVID WILLIAM SKAMARAK

No. 8510DC1027

(Filed 3 June 1986)

1. **Divorce and Alimony § 2.2— divorce from bed and board—failure to reply to counterclaim**

   The trial court properly refused to grant defendant a directed verdict on his counterclaim for divorce from bed and board because plaintiff failed to reply to the counterclaim since all allegations in a divorce action are deemed to be denied by the opposing party. N.C.G.S. § 50-10.

2. **Divorce and Alimony § 4.2— alimony action—spendthrift issue**

   The trial court in an alimony action erred in refusing to submit an issue as to whether plaintiff was a spendthrift where defendant properly raised the issue and offered evidence to support his allegation. N.C.G.S. § 50-16.2.

3. **Divorce and Alimony § 17.3— award of alimony—insufficient findings**

   The trial court failed to make sufficient findings to support its award to plaintiff of $700 per month in alimony in an action for divorce from bed and board where no findings were made as to the earning capacity or the condition of the parties, and findings as to the accustomed standard of living and estates of the parties were inadequate.

4. **Divorce and Alimony § 18.16— attorney fees—failure to make findings**

   The trial court erred in awarding the plaintiff in an alimony action $300 in attorney's fees without making any findings of fact concerning attorney's fees.

APPEAL by defendant from *Bullock, Judge.* Order entered 2 May 1985 in District Court, WAKE County. Heard in the Court of Appeals 6 February 1986.

*M. Jean Calhoun and David Parker for plaintiff appellee.*

*Sullivan & Pearson by Mark E. Sullivan for defendant appellant.*

COZORT, Judge.

On 28 December 1984, the plaintiff filed an action asking, *inter alia,* for a divorce from bed and board from the defendant on the grounds of abandonment and the offering of indignities to the plaintiff, and for permanent alimony. The defendant answered denying all material allegations of the plaintiff's complaint, raising the affirmative defenses of recrimination, abandonment, and spendthrift. The defendant also filed a counterclaim, designated

as such, alleging that plaintiff constructively abandoned the defendant and that the plaintiff offered indignities to the defendant. The counterclaim prayed that he be granted a divorce from bed and board from the plaintiff. The plaintiff never answered the defendant's counterclaim.

On 16 April 1985, this case came on for jury trial in Wake County District Court. At the close of all the evidence the defendant made a motion for directed verdict on the counterclaim alleging that the allegations of the counterclaim had been admitted because of the plaintiff's failure to reply to the counterclaim. The trial court denied the defendant's motion. Four issues were submitted to the jury:

Did the Defendant, without provocation, offer such indignities to the person of the Plaintiff as to render her life burdensome and condition intolerable?

Did the Defendant willfully abandon the Plaintiff without just cause or provocation?

Did the Plaintiff, without provocation, offer such indignities to the person of the Defendant as to render his life burdensome and condition intolerable?

Did the Plaintiff willfully abandon the Defendant without just cause or provocation?

The jury answered the first issue "yes" and answered the remaining three issues "no." The trial court entered an Order granting the plaintiff a divorce from bed and board from the defendant, ordering the defendant to pay $700 per month in alimony, and awarding plaintiff $300 in attorney's fees. From the verdict and Order the defendant appeals.

[1] The defendant contends that the trial court erred by refusing to rule on the effect of plaintiff's failure to file a reply to defendant's counterclaim or to grant defendant a directed verdict on the issues raised in the counterclaim, because by failing to answer the counterclaim the plaintiff was deemed to have admitted the allegations in the counterclaim. We disagree.

G.S. 50-10 provides:

The material facts in every complaint asking for a divorce or for an annulment shall be deemed to be denied by

the defendant, whether the same shall be actually denied by pleading or not, and no judgment shall be given in favor of the plaintiff in any such complaint until such facts have been found by a judge or jury.

In *Ellis v. Ellis*, 190 N.C. 418, 130 S.E. 7 (1925), the Supreme Court of North Carolina, presented with the exact issue before us, held:

True, no answer was interposed by the plaintiff to the complaint filed by his wife in her cross-action, but the material facts in every complaint asking for a divorce, are deemed to be denied under the statute, and no judgment is allowed to be given in favor of the plaintiff in any such complaint until all the material facts have been found by a jury.

*Id.* at 421, 130 S.E. at 8-9. This is still the law in North Carolina with regard to a divorce from bed and board. *Cf.* G.S. 50-10 (1985 Cum. Supp.) (with regard to absolute divorce). Thus, all the allegations of defendant's counterclaim, wherein he sought a divorce from bed and board, were deemed to be denied by the plaintiff. This assignment is overruled.

[2] The defendant contends that the trial court erred by failing to instruct the jury on the issue of plaintiff's being a spendthrift. In defense to a claim for alimony, the supporting spouse may claim that the dependent spouse has committed any of the acts set forth in G.S. 50-16.2. *See* G.S. 50-16.5(b); *Self v. Self*, 37 N.C. App. 199, 200-01, 245 S.E. 2d 541, 542-43 (1978). Under G.S. 50-16.2, grounds for alimony exist where the supporting spouse is a spendthrift. In this case the defendant, in defense to plaintiff's claim for alimony, pled that the plaintiff was a spendthrift. A spendthrift is a person who spends money profusely and improvidently. *Black's Law Dictionary* 1255 (rev. 5th ed. 1979). The defendant presented evidence showing how the plaintiff spent money during the marriage. The majority of the testimony in this case concerned the couple's financial condition and the wife's spending habits. The defendant requested that the trial court submit the issue of spendthrift to the jury. "[I]t is the duty of the trial judge to submit to the jury those issues 'which are raised by the evidence, and which, when answered, will resolve all material controversies between the parties.'" *Wilkinson v. Weyerhaeuser Corp.*, 67 N.C. App. 154, 158, 312 S.E. 2d 531, 533 (1984), *quoting*

*Wooten v. Nationwide Mutual Insurance Co.*, 60 N.C. App. 268, 298 S.E. 2d 727 (1983). Defendant properly raised the issue of spendthrift and offered evidence to support his allegation. We hold that the trial court erred in refusing to submit the issue of spendthrift to the jury.

[3] The defendant assigns error to the trial court's Order awarding $700 a month in alimony to the plaintiff and $300 in attorney's fees. The defendant contends that the trial court failed to make the required findings of fact to support both awards. We agree.

G.S. 50-16.5(a) states: "Alimony shall be in such amount as the circumstances render necessary, having due regard to the estates, earnings, earning capacity, condition, accustomed standard of living of the parties, and other facts of the particular case." The trial court must at least make findings sufficiently specific to indicate that the trial judge properly considered each of the factors established by G.S. 50-16.5(a) for a determination of an alimony award. *Quick v. Quick*, 305 N.C. 446, 290 S.E. 2d 653 (1982); *Spencer v. Spencer*, 70 N.C. App. 159, 170, 319 S.E. 2d 636, 645 (1984). To have a valid order the trial court must make detailed findings concerning the following:

(1) the estates of the parties;

(2) the earnings of the parties;

(3) the earning capacity of the parties;

(4) the condition of the parties; and

(5) the accustomed standard of living of the parties.

*Spencer, supra.* The requirement for detailed findings is thus not a mere formality or an empty ritual; it must be done. *Coble v. Coble*, 300 N.C. 708, 268 S.E. 2d 185 (1980). The trial judge failed to make the necessary findings in this case. There are no findings as to the earning capacity of the parties, or the condition of the parties. There are inadequate findings as to the accustomed standards of living of the parties and the estates of the parties. "The existence of evidence in the record from which such findings *could* be made cannot remedy this failing. What the evidence does in fact show is for the trial court to determine, not this Court." *Spencer, supra,* at 170, 319 S.E. 2d at 645. The Order of the trial court on alimony must be vacated.

[4] G.S. 50-16.4 provides for attorney's fees for the dependent spouse in actions for alimony. The order awarding attorney's fees must set out findings of fact upon which the award of attorney's fees is made. *Self v. Self, supra.*

The trial court's Order in this case is devoid of *any* findings concerning attorney's fees; therefore, the award of attorney's fees is vacated.

The defendant contends the trial court made additional errors on various evidentiary matters. We have reviewed those assignments of error and find no prejudicial error.

The Order of the trial court is vacated and this case is remanded for a new trial.

New trial.

Judges WELLS and WHICHARD concur.