ALICE K. PHILLIPS v. JAMES A. PHILLIPS

No. 8610DC439

(Filed 4 November 1986)

1. **Divorce and Alimony § 17.3— alimony—wife as dependent spouse—sufficiency of evidence**

   The trial court did not err in determining that plaintiff wife was the dependent spouse, though plaintiff's salary was higher than that of defendant, where the court found that plaintiff had monthly expenses of $1,300 and a monthly salary of $978; from these facts the court could have found that plaintiff was both actually substantially dependent on defendant and substantially in need of defendant's support; and the court's findings illustrated that it properly considered the parties' earnings, earning capacity, debts, assets, and accustomed standard of living. N.C.G.S. § 50-16.1(3).

2. **Divorce and Alimony § 17.3— alimony—wife's living expenses—findings proper**

   There was no merit to defendant's contention that the trial court's finding that plaintiff's reasonable expenses were $1,300, which equalled the parties' combined expenses prior to this action, showed that she needed financial support only to increase her standard of living, not to maintain it.

3. **Divorce and Alimony § 17— husband's removal of personal property from wife's home—order improper**

   The trial court's order preventing defendant from removing his personal property from the marital home absent an agreement between the parties and proper scheduling between their attorneys exceeded what was necessary to insure peaceful removal of defendant's personal property.

APPEAL by defendant from *Payne, Judge.* Judgment entered 8 August 1985 in District Court, WAKE County. Heard in the Court of Appeals 24 September 1986.

Plaintiff brought this action for divorce from bed and board and alimony. The defendant answered and counterclaimed for divorce from bed and board, alimony, and equitable distribution.

The relevant findings of the trial court were not excepted to and are conclusive on appeal. Those findings show the following. The parties were married on 25 May 1980. During the marriage, defendant subjected plaintiff to verbal abuse and sufficient physical abuse as to give rise to grounds for alimony under G.S. 50-16.2(7). While living together, the parties' monthly expenses were $1,300.00. Of that amount, defendant contributed $600.00 from his monthly income of $706.00 and the plaintiff contributed the bal-

ance out of her $978.00 monthly salary. At the time of the trial, each party's income had remained unchanged and plaintiff's and defendant's expenses were $1,300.00 and $1,000.00 respectively. In addition, plaintiff owned a 1983 Ford automobile, was liable for the mortgage debt of the marital home, and had other debts in excess of $1,000.00. Defendant had cash assets of almost $1,000.00, title to a 1984 Ford, and $370.00 in outstanding debts. Both parties had an ownership interest in the marital home.

The trial court denied all portions of defendant's counterclaim, granted plaintiff a divorce from bed and board, and awarded plaintiff possession of the marital home and its furnishings as permanent alimony. The court concluded that the plaintiff was a dependent spouse within the meaning of G.S. 50-16.1(3) and that defendant was a supporting spouse within the meaning of G.S. 50-16.1(4). It also concluded that the defendant was able to comply with the alimony award and that the award was fair and reasonable under all the circumstances.

*Carter G. Mackie, for the plaintiff-appellee.*

*Donald B. Hunt, for the defendant-appellant.*

EAGLES, Judge.

Defendant first argues that the trial court erred in determining that the plaintiff was a dependent spouse and accordingly that the award of alimony is invalid. We disagree.

G.S. 50-16.1(3) defines a "dependent spouse" as one who is either (1) actually substantially dependent on the other spouse for his or her maintenance and support or (2) substantially in need of that maintenance and support. In *Williams v. Williams*, 299 N.C. 174, 261 S.E. 2d 849 (1980), our Supreme Court discussed that definition. There, the Court held that a spouse is "actually substantially dependent" if they are without the means to provide for his or her accustomed standard of living. Even if a spouse is not actually substantially dependent, they are nevertheless a dependent spouse under the second part of the statute's definition if, considering the parties' earnings, earning capacity, estates, and other factors, the spouse seeking alimony demonstrates the need for financial contribution from the other spouse to maintain his or her accustomed standard of living.

[1] Applying those principles here, we hold that the trial court did not err in determining that the plaintiff is a dependent spouse. The trial court found that plaintiff had monthly expenses of $1,300 and a monthly salary of $978. That leaves her with a deficit of $322 a month. From these facts, the trial court could have found that plaintiff was both actually substantially dependent on defendant and substantially in need of defendant's support. Furthermore, the trial court's findings illustrate that it properly considered the parties' earnings, earning capacity, debts, assets, and accustomed standard of living.

[2] The defendant argues that the trial court's finding that the plaintiff's reasonable expenses are now $1,300, which equals their combined expenses prior to this action, shows that she needs financial support only to increase her standard of living, not to maintain it. Nothing else in the record, however, supports defendant's argument and it does not necessarily follow that one's standard of living has risen merely because their expenses have increased. Therefore, defendant's argument is without merit.

Once a trial court determines that a spouse is dependent and is entitled to alimony, its award will not be disturbed on appeal absent a showing of abuse of discretion. *Quick v. Quick*, 305 N.C. 446, 290 S.E. 2d 653 (1982). The trial court concluded that the defendant was able to comply with the award and that the award was fair and reasonable under all the circumstances. We find no abuse of discretion in these conclusions.

Contrary to the trial court's conclusion, defendant contends that he does not have the financial ability to comply with the award. Although the defendant's reasonable monthly expenses exceed his monthly income by approximately $300, the same is true for the plaintiff. Neither party can, therefore, afford to vacate the home and pay for other living accommodations. The plaintiff, however, is the only one eligible for an award of alimony. Since it is the plaintiff, and not the defendant, who will continue making the mortgage payments, we believe that the trial court's award of possession of the home and furnishings is fair and just to both parties. Consequently, we hold that the trial court did not abuse its discretion.

The defendant next argues that the trial court made two findings of fact, which are actually conclusions of law, that the

plaintiff is a dependent spouse. Defendant argues that they are unsupported by the necessary factual findings. We have already decided, however, that the trial court's conclusion that plaintiff is a dependent spouse is supported by facts to which the defendant has not excepted. Therefore, we need not decide whether the trial court mislabeled any of its findings.

Defendant has also assigned as error that portion of the judgment which excludes him from the marital home. Since, as defendant admits, G.S. 50-16.7(a) allows a trial court to order possession of real property as alimony, we fail to see the basis of his argument. Excluding the supporting spouse from the marital home is simply a natural consequence of a judgment which grants possession of the marital home to the dependent spouse. This assignment of error is without merit.

[3] Finally, defendant challenges the trial court's order in the judgment which prevents him from removing his personal property absent an agreement between the parties and proper scheduling between their attorneys. We have a difficult time believing that this question has not become moot in the time since the judgment was issued. Since, however, the question is raised and argued in the briefs, we will address it.

The obvious and legitimate intent of the order is to insure that the removal of defendant's personal property is accomplished peacefully. Certainly, in issuing its judgment, a trial court has broad discretion in the manner in which it grants relief and it may order whatever relief the circumstances demand. See 49 C.J.S. *Judgments* Section 67 (1947). Even so, we believe the order here exceeds what is reasonably necessary. The order subjects the removal of defendant's property to the unbridled discretion of the plaintiff. Given what has apparently been an unfriendly history between the parties since their separation, a possibility exists that the plaintiff could abuse the order. Therefore, we reverse this part of the judgment and remand the case for entry of a more appropriate order regarding the removal of defendant's personal property.

Affirmed in part; reversed and remanded in part.

Judges WEBB and BECTON concur.