MYRNA P. PERKINS v. CHARLES THOMAS PERKINS, JR.

No. 8617DC705

(Filed 19 May 1987)

**1. Divorce and Alimony § 7— stipulation of existence of grounds for alimony—no entitlement to divorce from bed and board**

   Defendant husband's stipulation to the existence of grounds for awarding alimony to plaintiff wife did not entitle plaintiff to a divorce from bed and board where defendant did not specify which ground enumerated in N.C.G.S. § 50-16.2 existed to support an alimony award, since N.C.G.S. § 50-16.2 contains additional grounds for alimony not set forth in N.C.G.S. § 50-7 as grounds for divorce from bed and board. Therefore, the trial court properly denied plaintiff's motion for a divorce from bed and board where plaintiff failed to present evidence to prove her allegations.

**2. Divorce and Alimony § 16.9— alimony—monthly payments for a certain period —permissible lump sum**

   Alimony awarded as monthly payments for a twenty-four month period constituted a permissible lump sum award.

**3. Divorce and Alimony § 16.8— alimony award—insufficient findings**

   The trial court's conclusion that plaintiff is entitled to an award of permanent alimony was unsupported by findings of fact where the court made findings only as to the parties' estates and earnings but failed to make findings

as to the parties' expenses, their accustomed standard of living, and plaintiff's financial obligations.

**4. Divorce and Alimony § 16.9— alimony award—consideration of income tax consequences**

Consideration of the income tax consequences of an alimony award is proper under the "other facts of the particular case" factor set forth in N.C.G.S. § 50-16.5, but the trial court's failure to make a specific finding concerning the tax consequences would not constitute reversible error.

**5. Divorce and Alimony § 18.16— denial of additional attorney fees**

The trial court did not abuse its discretion in refusing to award plaintiff additional attorney fees after the permanent alimony hearing where the court found that attorney fees of $1,500 had been awarded to plaintiff at the *pendente lite* hearing and that plaintiff had been able to meet defendant on an equal basis considering the prior award of attorney fees and the customary fees charged by attorneys in the county.

APPEAL by plaintiff from *Blackwell, Judge.* Order entered 14 March 1986 in District Court, ROCKINGHAM County. Heard in the Court of Appeals 16 December 1986.

Plaintiff-wife brought this action to obtain a divorce from bed and board, temporary and permanent alimony, and attorney's fees. Defendant-husband counterclaimed for a divorce from bed and board. Later, however, defendant dropped this claim and stipulated that plaintiff was a dependent spouse and that grounds existed entitling plaintiff to alimony. The trial court, by pendente lite order, directed defendant to pay seven hundred dollars a month alimony pendente lite and fifteen hundred dollars in attorney's fees.

A hearing on the issues of permanent alimony and additional attorney's fees was held in February 1986. Evidence presented at the hearing tended to show the following:

The parties were married approximately four years. No children were born to this marriage, and both parties had children from prior marriages.

Plaintiff's testimony at the hearing disclosed that she owned a small amount of real property, which was encumbered by debt, and that the main asset in her estate was her equity in the marital residence. She is employed as a salesperson in a jewelry store earning approximately ten thousand dollars a year. Plaintiff's expenses include the cost of traveling to and from work and main-

taining proper attire for work. In addition, plaintiff has several health problems requiring medication and treatment. Plaintiff also gave testimony to establish her standard of living while married to defendant; such testimony included descriptions of the marital residence, hobbies, entertainment, and the cost and duration of vacations she had shared with defendant. Finally, plaintiff submitted copies of both parties' 1984 income tax returns to the court. At the same time, she submitted projected tax returns and financial statements reflecting the tax consequences of an alimony award on the income of both parties.

Defendant testified that in addition to his equity in the marital residence, he owned thirty-three acres of undeveloped land in Virginia, two cars, stocks and bonds, and a retirement profit sharing account held with his employer. He is employed as an engineer, earning approximately fifty thousand a year. Defendant's testimony disclosed obligations for the support and the education of children from a prior marriage, as well as support obligations for an invalid parent. He also testified as to the long and short term debt he owed, and his living expenses. Finally, defendant gave testimony as to the costs and duration of vacations enjoyed by the parties during the marriage, which conflicted with plaintiff's testimony on this subject.

After considering this evidence the trial court entered an order on 14 March 1986 containing the following conclusions of law: (1) plaintiff is a dependent spouse; (2) defendant is a supporting spouse; (3) by stipulation, grounds for alimony exist; (4) plaintiff is entitled to an award of permanent alimony; and (5) plaintiff is not entitled to additional attorney's fees.

Based on these conclusions the trial court awarded plaintiff permanent alimony of seven hundred dollars a month for twenty-four months and denied plaintiff's request for a divorce from bed and board and her motion for additional attorney's fees. From this order plaintiff appeals.

*Gwyn, Gwyn & Farver, by Julius J. Gwyn, attorney for plaintiff appellant.*

*Hatfield & Hatfield, by Kathryn K. Hatfield, attorney for defendant appellee.*

ORR, Judge.

I.

[1] First, plaintiff contends that the trial court improperly denied her motion for a divorce from bed and board. We disagree.

Plaintiff must establish the existence of one of the five grounds listed in N.C.G.S. § 50-7 to obtain a divorce from bed and board. *Stanback v. Stanback*, 270 N.C. 497, 155 S.E. 2d 221 (1967). To establish the existence of such a ground the plaintiff must allege and prove acts of misconduct by the defendant and show that this misconduct was not provoked by plaintiff's actions. *Morris v. Morris*, 46 N.C. App. 701, 266 S.E. 2d 381, *aff'd*, 301 N.C. 525, 272 S.E. 2d 1 (1980).

Plaintiff alleged in her complaint that defendant's excessive use of alcohol, intentional infliction of indignities to her person, and constructive abandonment of their marital relationship were not provoked by her actions, had rendered her condition intolerable and life burdensome, and entitled her to a divorce from bed and board. Plaintiff's complaint clearly stated all the elements necessary for the relief requested. However, plaintiff presented *no* evidence with which to prove her allegations, failing entirely to meet her burden of proof on this issue. Plaintiff justified this failure by contending that defendant's stipulation to the existence of grounds for awarding alimony was also a stipulation that grounds for a divorce from bed and board existed; thus relieving her of her burden of proof as to this issue. This contention is erroneous.

To obtain an order for alimony the plaintiff must establish one of ten grounds enumerated in N.C.G.S. § 50-16.2. Five of the grounds listed in N.C.G.S. § 50-16.2 are identical to the five grounds listed in N.C.G.S. § 50-7, permitting divorces from bed and board. *Minor v. Minor*, 70 N.C. App. 76, 318 S.E. 2d 865, *disc. rev. denied*, 312 N.C. 495, 322 S.E. 2d 558 (1984). The remaining five grounds, while similar in theme, pertain to entirely different areas of judicial concern.

Under either N.C.G.S. § 50-7 or N.C.G.S. § 50-16.2 the plaintiff is relieved of the burden of establishing the facts necessary to prove the underlying ground, if the defendant stipulates that grounds for such relief exist. "A stipulation is a judicial admis-

sion. As such, '[i]t is binding in every sense, preventing the party who makes it from introducing evidence to dispute it, and relieving the opponent from the necessity of producing evidence to establish the admitted fact.' " *Moore v. Humphrey*, 247 N.C. 423, 430, 101 S.E. 2d 460, 467 (1958) (citation omitted). However, the language of a stipulation "will not be so construed as to give the effect of an admission of a fact obviously intended to be controverted, or the waiver of a right not plainly intended to be relinquished . . . ." *Rickert v. Rickert*, 282 N.C. 373, 380, 193 S.E. 2d 79, 83 (1972).

In his stipulation defendant did not specify which ground, of the ten enumerated in N.C.G.S. § 50-16.2, existed to support an alimony award. Therefore, plaintiff may not automatically assume that the ground stipulated to in N.C.G.S. § 50-16.2 was one of the five grounds also listed in N.C.G.S. § 50-7. To adopt plaintiff's assumption would extend the perimeter of defendant's stipulation beyond the area it was clearly intended to cover and deprive defendant of a right he has not explicitly waived. This would be contrary to our established judicial policy of narrowly construing stipulations.

For this reason, we conclude that plaintiff failed to meet her burden of proof as to this issue. Thus, the trial court properly denied her request for a divorce from bed and board.

## II.

Plaintiff next challenges the trial court's award of permanent alimony of seven hundred dollars a month for a twenty-four month period.

**[2]** Plaintiff contends this award was erroneous for two reasons. First she alleges that the limitation of alimony payments to a twenty-four month period, without a showing of fault on the plaintiff's part, was improper.

Alimony awarded as periodic payments for a specified period of time, as in the case at bar, is defined as a lump sum alimony award and is permissible. *Whitesell v. Whitesell*, 59 N.C. App. 552, 297 S.E. 2d 172 (1982), *disc. rev. denied*, 307 N.C. 583, 299 S.E. 2d 653 (1983). Consequently, the trial court's decision to award alimony in a lump sum, alone, is not sufficient to constitute reversible error.

[3] Plaintiff's second contention is that the trial court failed to make the necessary findings of fact and conclusions of law with which to support its alimony award.

In determining the amount of alimony to award, the trial court must consider the six factors enumerated in N.C.G.S. § 50-16.5: (1) the estates, (2) the earnings, (3) the earning capacity, (4) the condition, (5) the accustomed standard of living of the parties, and (6) any other facts particular to the case. Once these factors are considered, however, the actual amount awarded lies within the trial court's discretion and will not be disturbed on review absent a showing by the litigant that the challenged award is manifestly unsupported by reason. *Clark v. Clark*, 301 N.C. 123, 271 S.E. 2d 58 (1980).

Because an alimony award is determined by a trial court without a jury, N.C.G.S. § 1A-1, Rule 52(a) requires the trial court to find facts specifically and state conclusions of law separately. *Quick v. Quick*, 305 N.C. 446, 290 S.E. 2d 653 (1982). To comply with Rule 52(a) the trial court must "make conclusions of law to the effect that (a) the 'circumstances render necessary' a designated amount of alimony, (b) the supporting spouse has the ability to pay the designated amount, and (c) the designated amount is fair and just to all parties." *Davis v. Davis*, 62 N.C. App. 573, 576, 302 S.E. 2d 886, 887 (1983); *Quick v. Quick*, 305 N.C. 446, 453, 290 S.E. 2d 653, 659. These conclusions must "be based upon factual findings sufficiently specific to indicate that the trial judge properly considered the six statutory factors enumerated [in G.S. 50-16.5,] and the rules [pertaining to such factors, evolving] from our case law. Without findings on the above-listed factors, an appellate court cannot review the amount of alimony awarded to determine whether the trial judge abused his discretion." *Quick v. Quick*, 305 N.C. at 454, 290 S.E. 2d at 659.

In the order awarding alimony the trial court stated as a conclusion of law that "plaintiff is entitled to an award of permanent alimony." To support this conclusion, the trial court made findings of fact as to the parties' estates and earnings. The trial court failed, however, to make any findings as to the parties' expenses, accustomed standard of living, or plaintiff's financial obligations.

This failure constitutes reversible error. The parties' expenses and financial obligations at the time the award is made

must be considered to insure that the alimony award is fair and just to both parties. Furthermore, the parties' standard of living during the marriage is a critical factor, which the trial court must consider to insure that the dependent spouse's alimony award will sustain her prior lifestyle. *Quick v. Quick*, 305 N.C. 446, 290 S.E. 2d 653; *Williams v. Williams*, 299 N.C. 174, 261 S.E. 2d 849 (1980).

This Court notes that findings of fact pertaining to the parties' living expenses were made in the pendente lite order. These findings, however, are irrelevant in the present case. It is well established that the trial court's findings in an alimony pendente lite motion are solely for the purpose of that motion and are not competent evidence on the final hearing of the same issues. *Harris v. Harris*, 258 N.C. 121, 128 S.E. 2d 123 (1962); *Hall v. Hall*, 250 N.C. 275, 108 S.E. 2d 487 (1959); *Bumgarner v. Bumgarner*, 231 N.C. 600, 58 S.E. 2d 360 (1950).

The record disclosed considerable evidence presented by both parties as to their expenses, financial obligations, and accustomed standard of living, which would permit the trial court to make factual findings on these issues. Whether or not the evidence is sufficient to support the award given is not for this Court's consideration.

"What the evidence does *in fact* show is a matter for the trial court's determination, and its determination should be stated in appropriate and adequate findings of fact. Only when an appellate court knows what the facts are can it determine whether the amount awarded was within the trial court's discretion." *Quick v. Quick*, 305 N.C. at 457, 290 S.E. 2d at 661 (emphasis supplied).

Accordingly, this Court remands this case for further findings in compliance with our decision.

III.

[4] Plaintiff also assigns as error the trial court's failure to make any factual findings as to the tax consequences of the alimony award on the parties' income. Such failure, plaintiff argues, shows that the trial court neglected to consider this factor when awarding alimony.

Although not specifically listed as a factor for the trial court's consideration in N.C.G.S. § 50-16.5, consideration of the in-

come tax consequences is proper. Such consideration is authorized by the sixth enumerated factor in N.C.G.S. § 50-16.5, "other facts of the particular case." "To ignore the income tax consequences of an award of permanent alimony would be an unreasonable application of the mandate of the statute, as well as a violation of the principle . . . that the amount of alimony that is to be awarded is basically a question of fairness and justice to all parties." *Clark v. Clark*, 301 N.C. at 133, 271 S.E. 2d at 66.

The consideration of the tax consequences is not preeminent in determining an alimony award, since it is but one consideration among the many to be weighed by the trial court. However, "[i]t is clear that to disregard the effect of taxation on such an award would be to flirt with an unrealistic, and potentially unjust, result." *Clark v. Clark*, 301 N.C. at 133, 271 S.E. 2d at 66.

The failure to make a specific finding of fact as to the tax consequences, without more, is not sufficient evidence of an abuse of discretion, requiring reversal. Plaintiff submitted the 1984 tax returns for both parties, and also submitted projected financial statements and tax returns reflecting the tax consequences of the alimony award on the income of both parties. Nevertheless, the record does not indicate, nor has plaintiff demonstrated on appeal, that the tax consequences was not one of the factors the trial court considered when determining the amount of alimony to award to the plaintiff.

If the findings of fact in the order had been otherwise sufficient to support the conclusions of law as to the alimony award, a failure to make a specific finding concerning the tax consequences would not be reversible error. *Clark v. Clark*, 301 N.C. 123, 271 S.E. 2d 58. However, because the case at bar must be remanded for further factual findings, we recommend that the trial court consider the tax consequences and note such consideration in the further findings of fact made in this case.

### IV.

[5]  Finally, plaintiff contends that the trial court erred in denying her motion for additional attorney's fees.

Attorney's fees are awarded to allow the dependent spouse, as litigant, to meet the supporting spouse, as litigant, on substantially even terms by permitting the dependent spouse to employ

adequate legal representation. *Owensby v. Owensby*, 312 N.C. 473, 322 S.E. 2d 772 (1984). A trial court is authorized to award attorney's fees to a party who has shown that she is entitled to the relief demanded, is a dependent spouse, and lacks sufficient means upon which to live during the prosecution of the suit and to defray her necessary legal expenses. N.C.G.S. § 50-16.4 (1984); *Roberts v. Roberts*, 68 N.C. App. 163, 314 S.E. 2d 781 (1984). Once such fees are authorized, a trial court must consider several factors in determining the amount of the award, including but not limited to: each party's estate and ability to defray legal costs; the nature and scope of the legal services rendered the dependent spouse; and the skill, time, and labor expended during such representation. *Owensby v. Owensby*, 312 N.C. 473, 322 S.E. 2d 772. The amount of an award, however, rests within the discretion of the trial court and will not be disturbed on appellate review absent a clear abuse of discretion. *Clark v. Clark*, 301 N.C. 123, 271 S.E. 2d 58.

A trial court may be reversed for abuse of discretion only upon a showing that its actions are manifestly unsupported by reason, and that its ruling was so arbitrary that it could not have been the result of a reasoned decision. *White v. White*, 312 N.C. 770, 324 S.E. 2d 829 (1985); *Clark v. Clark*, 301 N.C. 123, 271 S.E. 2d 58.

The trial court made two findings of fact in its consideration of plaintiff's motion for attorney's fees.

    1. Plaintiff's attorney was awarded counsel fees of $1,500 at the pendente lite hearing. Said amount was just and reasonable under the circumstances.

    2. Plaintiff has been able to meet defendant on an equal footing during the pendency of this action taking into consideration the prior award of counsel fees and the customary fees charged by members of the Rockingham County Bar Association.

The trial court used these findings to support its conclusion of law that:

    Plaintiff is not entitled to additional attorney fees.

After reviewing the trial court's findings, we conclude that they are sufficient to form a basis for determining a reasonable

award of attorney's fees. Accordingly, we find that the trial court did not err in denying plaintiff's request for additional attorney's fees.

For the above reasons, this Court remands this case for further findings in accordance with this opinion.

Remanded.

Judges ARNOLD and PHILLIPS concur.