LEWIS E. LAMB, JR., APPELLANT v. THEDA ANDREWS LAMB, APPELLEE

No. 9021DC1174

(Filed 6 August 1991)

1. **Divorce and Separation § 218 (NCI4th) — alimony — substantial assets — maintaining standard of living**

     The trial court did not err in determining that an award of alimony was necessary to maintain defendant wife's standard of living where the court found that defendant had assets of over $490,000, debts of $37,876, monthly expenses of $2,500, and a gross monthly income of $1,477. Defendant was not required to deplete plaintiff's monthly payments to her on the principal of a note given in equitable distribution before being entitled to alimony.

**Am Jur 2d, Divorce and Separation §§ 665, 666.**

LAMB v. LAMB

[103 N.C. App. 541 (1991)]

2. **Divorce and Separation § 219 (NCI4th) — alimony — consideration of equitable distribution**

   The trial court did not fail to consider the effect of equitable distribution on plaintiff husband's ability to pay alimony. Furthermore, the trial court did not err in awarding defendant wife the same amount of permanent alimony as she had been receiving as temporary alimony prior to equitable distribution.

   **Am Jur 2d, Divorce and Separation §§ 560, 657.**

3. **Divorce and Separation § 201 (NCI4th) — wife as dependent spouse — supporting evidence**

   The trial court did not err in concluding that defendant wife is a dependent spouse and plaintiff husband is the supporting spouse where the court found that defendant has assets of over $490,000, debts of $37,876, monthly expenses to maintain her accustomed standard of living of $2,500, and a gross monthly income of only $1,477, and that plaintiff husband has assets of over $901,000, debts of $338,095, gross monthly income of $8,696, net monthly income of $5,681, and monthly living expenses of $2,861.

   **Am Jur 2d, Divorce and Separation §§ 642, 659, 660.**

4. **Divorce and Separation § 539 (NCI4th) — alimony action — attorney fees erroneously awarded**

   The trial court erred in awarding attorney fees of $12,235 to defendant wife in an alimony action where both parties had substantial estates and an award of attorney fees was not necessary in order for defendant, as litigant, to meet plaintiff, as litigant, on substantially even terms.

   **Am Jur 2d, Divorce and Separation § 604.**

   Judge COZORT concurring in part and dissenting in part.

APPEAL by plaintiff from judgment entered 11 June 1990 by *Judge Abner Alexander* in FORSYTH County District Court. Heard in the Court of Appeals 16 May 1991.

Plaintiff and defendant separated on 5 July 1983, and on 12 January 1984 plaintiff was ordered to pay as temporary alimony $1600 per month and $84 per month for medical insurance. A judgment of absolute divorce was entered 2 October 1985, and an equitable distribution judgment was entered 6 October 1989. On 11 June

LAMB v. LAMB

[103 N.C. App. 541 (1991)]

1990, a judgment was entered ordering plaintiff to pay defendant $1684 per month as permanent alimony and $12,235.15 to defendant's attorneys for services and costs rendered in the action for permanent alimony.

From this judgment, plaintiff appeals.

*Womble Carlyle Sandridge & Rice, by Jimmy H. Barnhill and James H. Joyce, III, for plaintiff-appellant.*

*Davis & Harwell, P.A., by Joslin Davis and Robin J. Stinson, for defendant-appellee.*

ORR, Judge.

At the time of the judgment of permanent alimony, the trial court found that the defendant, who was 68 years old and had health problems, owned the following assets:

| | |
|---|---:|
| 1. residence at 2641 Woodberry Drive | 146,700.00 |
| 2. lot, Bermuda Run, Advance, N.C. | 16,000.00 |
| 3. 1982 Mercedes automobile | 27,000.00 |
| 4. household furnishings and belongings | 75,000.00 |
| 5. Dean Witter Sears Liquid Asset Fund | 44,595.00 |
| 6. Dean Witter Government Securities Plus Fund | 93,655.50 |
| 7. Balance on note from Dr. Lamb | 87,326.39 |
| | $490,276.89 |

Defendant had individual debts of $37,876.

The trial court found that defendant had the following monthly income:

| | |
|---|---:|
| 1. part-time employment | 53.00 |
| 2. Social Security | 268.00 |
| 3. interest on note (equitable distribution) from Dr. Lamb | 300.00 |
| 4. dividend income | 601.00 |
| 5. dividend income | 255.00 |
| | $ 1,477.00 |

Including the temporary alimony of $1684, the trial court found that defendant's total gross monthly income was $3161. With taxes, the trial court found that defendant's average net income per month

LAMB v. LAMB

[103 N.C. App. 541 (1991)]

was $2554.08. The trial court found that defendant's total monthly expenses were $2500.

Regarding plaintiff, who was 56 years old, in good health, and a dentist, the trial court found that he owned the following assets:

| | | |
|---|---|---|
| 1. | office building | 129,500.00 |
| 2. | residence at 2640 Reynolda Road | 89,000.00 |
| 3. | 1985 Audi, 1968 Oldsmobile, 1968 Jaguar | |
| 4. | vested interest in Money Purchase Pension Plan, net value | 178,080.24 |
| 5. | profit sharing plan, net value | 148,793.28 |
| 6. | 100% interest in dental practice | 259,910.00 |
| 7. | SR6 Limited Partnership | 21,620.00 |
| 8. | Winthrop Towers Limited Partnership | 5,000.00 |
| 9. | Oppenheimer Money Market | 20,798.79 |
| 10. | Valueline IRAs (2) | 1,552.96 |
| | | 987.70 |
| 11. | Andrew Peck | 24,043.59 |
| 12. | 1980 I Apache Limited Partnership | 11,266.84 |
| 13. | Smith, Barney, Harris, Upham account | 10,784.89 |
| | | $901,338.29 |

The trial court found that plaintiff owed the following debts:

| | | |
|---|---|---|
| 1. | D. Blake Yokley | 3,787.50 |
| 2. | First Union Bank secured by Reynolda Road property (monthly payments of 3075.50) | 213,633.76 |
| 3. | First Union Bank monthly payments of $316 | 14,015.81 |
| 4. | Note to Theda Lamb (equitable distribution) balance: (monthly payments of $2441.29) | 87,326.39 |
| 5. | Wachovia Bank (monthly payments of $308.53) | 14,032.00 |
| 6. | CPA | 3,000.00 |
| 7. | Childress Home Improvements | 2,300.00 |
| | | $338,095.46 |

The plaintiff filed a Financial Affidavit showing his total monthly living expenses as $10,461.43, but the trial court adjusted it to $2861.11. The trial court found that plaintiff had a gross monthly income of $8696.32 and net monthly income of $5681.18.

**LAMB v. LAMB**

[103 N.C. App. 541 (1991)]

I.

Plaintiff argues that the trial court erred in failing to consider the effects of equitable distribution, the estates, earnings and accustomed standard of living of the parties in setting the permanent alimony. We disagree.

N.C. Gen. Stat. § 50-16.5(a) (1987) provides that "[a]limony shall be in such amount as the circumstances render necessary, having due regard to the estates, earnings, earning capacity, condition, accustomed standard of living of the parties, and other facts of the particular case." Plaintiff argues that the trial court failed to meet at least two of the statutory requirements.

"The trial court must at least make findings sufficiently specific to indicate that the trial judge properly considered each of the factors established by G.S. 50-16.5(a) for a determination of an alimony award." *Shamarak v. Shamarak*, 81 N.C. App. 125, 128, 343 S.E.2d 559, 561 (1986). "The requirement for detailed findings is thus not a mere formality or an empty ritual; it must be done." *Id.* at 128, 343 S.E.2d at 562. "Although the trial judge must follow the requirements of this section in determining the amount of permanent alimony to be awarded, the trial judge's determination of the proper amount is within his sound discretion and his determination will not be disturbed on appeal absent a clear abuse of that discretion." *Payne v. Payne*, 49 N.C. App. 132, 135, 270 S.E.2d 546, 548 (1980).

[1] Plaintiff contends that a comparison of the estates of the two parties reveals that no amount of alimony is "necessary" to maintain defendant's standard of living. We disagree. The trial court found that defendant had assets of over $490,000, debts of $37,876, monthly expenses of $2500, and a gross monthly income of $1477. Plaintiff argues that defendant's monthly receipts are $3618 with the addition of the monthly payment from plaintiff of $2141.29 (less the $300 interest) on the equitable distribution distributive award note. We disagree with plaintiff's assessment of defendant's monthly receipts. The $2141 is the principal on the equitable distribution note, and the trial court properly included this amount in the assets owned by defendant.

The trial court found that plaintiff had a gross monthly income of $8696.32, net monthly income of $5681.18, and monthly living expenses of $2861.11. He had assets of $901,338.29 and debts of

$338,095.46. Plaintiff argues that his total monthly expenses are $9002.43 which results in a shortfall of $3321.25.

The trial court's findings are supported by competent evidence and are binding on this Court on appeal. *Williams v. Williams,* 299 N.C. 174, 187, 261 S.E.2d at 849, 858 (1980). We find that the trial court properly considered the factors in N.C. Gen. Stat. § 50-16.5(a) in setting permanent alimony and making sufficiently detailed findings. Further, defendant need not deplete her monthly principal payment as plaintiff argues. As our Supreme Court stated in *Williams,* "[i]f the spouse seeking alimony is denied alimony because he or she has an estate which can be spent away to maintain his or her standard of living, that spouse may soon have no earnings or earning capacity and therefore no way to maintain *any* standard of living." 299 N.C. at 184, 261 S.E.2d at 856.

[2] Plaintiff also argues that the trial court ignored the relationship between equitable distribution and alimony and excluded the effect of equitable distribution from its consideration of plaintiff's ability to pay alimony. Further, he argues the results are unjust in that the trial court ordered the same amount of permanent alimony as temporary alimony so that defendant is receiving the same amount of alimony as she did prior to equitable distribution.

We disagree. Clearly there is a relationship between one's property and one's "need for support and the ability to furnish it." *Capps v. Capps,* 69 N.C. App. 755, 757, 318 S.E.2d 346, 348 (1984). However, in its determination of the factors required to be considered by N.C. Gen. Stat. § 50-16.5(a), the trial court did consider the effects of equitable distribution. Further, at the time of the award of permanent alimony, over six years had passed since the award of temporary alimony. Here the trial court properly considered the required factors and did not abuse its discretion in setting the amount of permanent alimony.

Plaintiff also contends that the "trial court committed reversible error by repeatedly sustaining objections to testimony regarding the parties' accustomed standard of living prior to separation, contrary to N.C. Gen. Stat. § 50-16.5(a) and the decisions of this court." Plaintiff assigns as error the sustaining of an objection by defendant's attorney regarding plaintiff's preparation of a summary sheet of what he considered "reasonable monthly expenses for the maintenance of one person at the Woodberry Drive address." The summary sheet has not been included in the record.

"[T]he parties' standard of living during the marriage is a critical factor, which the trial court must consider to insure that the dependent spouse's alimony award will sustain her prior lifestyle." *Perkins v. Perkins*, 85 N.C. App. 660, 666, 355 S.E.2d 848, 852, *disc. review denied*, 320 N.C. 633, 360 S.E.2d 92 (1987). Consistent with this requirement, the trial court's findings indicate he considered defendant's "station in life to which she became accustomed to during the parties' marriage."

## II.

[3] Plaintiff also contends that the trial court erred in concluding as a matter of law that defendant is a dependent spouse and that plaintiff is a supporting spouse. We disagree.

The trial court stated in its conclusions of law:

2. The Defendant is a dependent spouse, the Plaintiff is the supporting spouse and is financially capable of supporting the Defendant; and that grounds exist for award of permanent alimony.

3. The Plaintiff is the person upon whom the Defendant is actually substantially dependent to maintain the station in life to which Defendant has become accustomed during the parties' marriage and Defendant is in need of support and maintenance from the Plaintiff; that Plaintiff has financial ability to provide, or take necessary means to provide, the Defendant with permanent alimony in the amount of $1,684.00 per month.

N.C. Gen. Stat. § 50-16.1(3) (1987) defines "dependent spouse" as a "spouse, whether husband or wife, who is actually substantially dependent upon the other spouse for his or her maintenance and support or is substantially in need of maintenance and support from the other spouse." N.C. Gen. Stat. § 50-16.1(4) defines "supporting spouse" as "a spouse . . . upon whom the other spouse is actually substantially dependent or from whom such other spouse is substantially in need of maintenance and support."

In order to be "actually substantially dependent" on the other spouse, "the spouse seeking alimony must have actual dependence on the other *in order to maintain the standard of living in the manner to which that spouse became accustomed during the last several years prior to separation." Williams*, 299 N.C. at 180, 261

S.E.2d at 854. "[T]he trial court must evaluate the parties' incomes and expenses measured by the standard of living of the family as a unit" in order to determine if a spouse is "actually substantially dependent." *Talent v. Talent*, 76 N.C. App. 545, 548, 334 S.E.2d 256, 258 (1985).

In addition, even where a spouse is not "actually substantially dependent," the spouse may be a dependent spouse under the second part of N.C. Gen. Stat. § 50-16.1(3) if he or she is "substantially in need of maintenance and support," the meaning of which is determined by construing this statute *in pari materia* with the terms of N.C. Gen. Stat. § 50-16.5. *Williams*, 299 N.C. at 182, 261 S.E.2d at 855. Thus, a spouse is a dependent spouse if "considering the parties' earnings, earning capacity, estates, and other factors, the spouse seeking alimony demonstrates the need for financial contribution from the other spouse to maintain his or her accustomed standard of living." *Phillips v. Phillips*, 83 N.C. App. 228, 229, 349 S.E.2d 397, 399 (1986). If a trial court decides a spouse is dependent and is entitled to an order for alimony, the award will not be disturbed on appeal except for an abuse of discretion. *Id.* at 230, 349 S.E.2d at 399.

In *Williams* the trial court found that the wife's monthly expenses exceeded $3500 based on the standard of living to which the parties had become accustomed, and that the wife had a monthly gross income of $1833, resulting in a monthly shortfall of $1667, and an estate with a net worth of $761,935. The trial court found the husband had a gross income of $116,600, a net income of $61,702, and an estate with a net worth of $870,165. There the Supreme Court in upholding the trial court's award of permanent alimony held that the wife was "substantially in need of maintenance and support" from the supporting spouse and was therefore a dependent spouse. *Williams*, 299 N.C. at 187, 261 S.E.2d at 858.

Here the trial court properly considered the required factors in determining whether defendant is a dependent spouse and plaintiff a supporting spouse, and its findings are supported by the evidence. Because defendant is "substantially in need of maintenance and support" from plaintiff, we hold that the trial court did not err in concluding that defendant is a dependent spouse and plaintiff is the supporting spouse.

### III.

[4] Plaintiff contends that the trial court erred in concluding that defendant was without necessary funds to pay her attorneys' fees, that plaintiff has the ability to pay $12,235.15 of these fees, and ordering plaintiff to pay $12,235.15 of such fees. We agree.

N.C. Gen. Stat. § 50-16.4 (1987) provides:

At any time that a dependent spouse would be entitled to alimony pendente lite pursuant to G.S. 50-16.3, the court may, upon application of such spouse, enter an order for reasonable counsel fees for the benefit of such spouse, to be paid and secured by the supporting spouse in the same manner as alimony.

In *Clark v. Clark*, 301 N.C. 123, 135-36, 271 S.E.2d 58, 67 (1980), our Supreme Court stated:

In order to receive an award of counsel fees in an alimony case, it must be determined that the spouse is entitled to the relief demanded; that the spouse is a dependent spouse; and that the dependent spouse is without sufficient means whereon to subsist during the prosecution of the suit, and defray the necessary expenses thereof. Whether these requirements have been met is a question of law that is reviewable on appeal, and if counsel fees are properly awarded, the amount of the award rests within the sound discretion of the trial judge and is reviewable on appeal only for an abuse of discretion. The guiding principle behind the allowance of counsel fees is to enable the dependent spouse, as litigant, to meet the supporting spouse, as litigant, on substantially even terms by making it possible for the dependent spouse to employ adequate and suitable legal representation. [Citations omitted.]

In *Clark*, where the husband had a net worth in 1975 of $650,000 with a savings account in 1978 of $75,000, and the wife had an entire separate estate of only $87,000, the Court said that "[i]t would be contrary to what we perceive to be the intent of the legislature to require a dependent spouse to meet the expenses of litigation through the unreasonable depletion of her separate estate where her separate estate is considerably smaller than that of the supporting spouse. . . ." *Id.* at 137, 271 S.E.2d at 68; *see also Cobb v. Cobb*, 79 N.C. App. 592, 339 S.E.2d 825 (1986) (attorney fees awarded where the wife would be forced to sell her only

remaining asset, the marital home). In *Beaman v. Beaman*, 77 N.C. App. 717, 336 S.E.2d 129 (1985), this Court, in looking at the dependent spouse's income alone, affirmed the trial court's awarding of attorney fees.

In *Williams*, the Court denied attorney fees where the dependent spouse had a substantial separate estate. There the Court stated: "It is clear from the record before us that an award of counsel fees was not necessary to enable plaintiff, as litigant, to meet defendant, as litigant, on substantially even terms by making it possible for her to employ counsel." *Williams*, 299 N.C. at 190, 261 S.E.2d at 860.

Here the trial court found that "Defendant does not have sufficient income and assets with which to pay said sum and Plaintiff has the ability to take reasonable measures to secure assets to pay Defendant's attorneys for a portion of the services rendered to the Defendant in the sum of $12,235.15." This finding that the defendant "does not have sufficient income and assets with which to pay" her attorneys' fees is not supported by the evidence.

The evidence shows that defendant had assets of over $490,000, debts of $37,876, a total gross monthly income of $1477 (plus $1684 in alimony) with monthly expenses of $2500. The evidence also shows that plaintiff had assets of $901,338.29, debts of $338,095.46, a gross monthly income of $8696.32, and monthly living expenses of $2861.11.

Defendant argues that 57% of the value of her estate consists of non-income producing assets used by the parties when they were living together and the remaining assets were invested to generate income to meet her expenses. However, in looking at the evidence, we conclude that an award of attorneys' fees was not necessary in order for defendant, as litigant, to meet plaintiff, as litigant, on substantially even terms. The amount of attorney fees that defendant is responsible for is substantial but not so substantial as to deplete or jeopardize the defendant's assets and income. Accordingly, we conclude that the trial court erred in awarding attorneys' fees to defendant.

Affirmed in part and reversed in part.

Judge WYNN concurs.

Judge COZORT concurs in part and dissents in part.

Judge COZORT concurring in part and dissenting in part.

I agree with that portion of the majority which affirmed the trial court's order awarding permanent alimony to defendant. I disagree with the majority's conclusion that the trial court erred in awarding attorneys' fees to defendant.

Defendant is 68 years old, in bad health, and did not work outside the home during the marriage. At separation, she had no income and no significant separate estate. After equitable distribution, she has a sizable "paper" estate; however, the bulk of that estate is the marital home and investment accounts received in the equitable distribution which provide some income for the defendant. If defendant must pay her own attorneys' fees, she must use all the alimony received from plaintiff for a substantial period of time, sell the marital home, or liquidate the investment assets received in the equitable distribution. Neither option is, in my view, appropriate. The law should not require the dependent spouse to deplete that which she receives in equitable distribution or as alimony payments in order to pay her attorneys for services rendered to her. I vote to affirm the trial court's decision to award attorneys' fees to defendant.