CHARLES C. WILLIAMSON, Plaintiff v. ELIZABETH G. WILLIAMSON, Defendant

No. COA99-1007

(Filed 17 October 2000)

**Divorce— alimony—attorney fees—failure to make sufficient findings of fact and conclusions of law**

The trial court erred by awarding defendant wife permanent alimony and attorney fees without making sufficient findings of fact and conclusions of law to support its order, because: (1) the trial court did not make specific findings of the ultimate facts as required by N.C.G.S. § 1A-1, Rule 52(a)(1), but instead made mere recitations of the evidence that do not reflect the processes of logical reasoning; (2) the trial court did not provide any reasoning as required by N.C.G.S. § 50-16.3A(c) for the $1,500 monthly amount, why the award was permanent, and why it would be paid directly to the clerk of court; (3) the trial court did not make findings of fact as to the nature and scope of legal services rendered, the skill and the time required upon which a determination of reasonableness of the attorney fees can be based; and (4) the trial court's conclusions of law constitute bare conclusions unaccompanied by supporting grounds in violation of N.C.G.S. § 1A-1, Rule 52.

Judge TIMMONS-GOODSON concurring in part and dissenting in part.

---

**WILLIAMSON v. WILLIAMSON**

[140 N.C. App. 362 (2000)]

Appeal by plaintiff from order entered 15 January 1999 by Judge Kevin M. Bridges in Union County District Court. Heard in the Court of Appeals 18 May 2000.

*Clark, Griffin & McCollum, L.L.P., by Joe P. McCollum, Jr., for plaintiff-appellant.*

*Weaver, Bennett & Bland, P.A., by William G. Whittaker, for defendant-appellee.*

SMITH, Judge.

Plaintiff Charles C. Williamson appeals the trial court's order awarding defendant Elizabeth G. Williamson permanent alimony and attorney's fees contending in part that the trial court erred in failing to make sufficient findings of fact and conclusions of law to support its order. We agree.

The uncontested pertinent facts and procedural history include the following: Plaintiff and defendant were married 5 September 1970 and separated 1 February 1996. Plaintiff filed a complaint for divorce and equitable distribution on 26 June 1997. On 10 July 1997, defendant filed a counterclaim for alimony. Following a 19 November 1998 hearing on defendant's request for alimony, the trial court, on finding defendant to be a dependent spouse and plaintiff a supporting spouse, entered an order on 15 January 1999 awarding defendant $1,500.00 per month in alimony and $3,122.50 in attorney's fees. Plaintiff appeals.

By his fourteenth and fifteenth assignments of error, plaintiff contends the trial court erred in failing to make sufficient findings of fact and conclusions of law necessary to determine the issues raised. We agree and hold the trial court's factual findings, in large part, amount merely to recitations of the testimony of various witnesses, are not findings of fact, and provide little or no reasoning to support the conclusions of law.

N.C. Gen. Stat. § 1A-1, Rule 52(a)(1) (1990), governing actions for permanent alimony, provides: "In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment." Pursuant to Rule 52(a), the trial court's findings of fact must be more than mere evidentiary facts; they must be the "specific ultimate facts . . . sufficient for [an] appellate court to determine that the judgment is adequately sup-

ported by competent evidence." *Montgomery v. Montgomery*, 32 N.C. App. 154, 156-57, 231 S.E.2d 26, 28 (1977) (citations omitted). Evidentiary facts are simply "subsidiary facts required to prove the ultimate facts," *Woodard v. Mordecai*, 234 N.C. 463, 470, 67 S.E.2d 639, 644 (1951) (citations omitted), while "[u]ltimate facts are the final resulting effect reached by processes of logical reasoning from the evidentiary facts," *Appalachian Poster Advertising Co. v. Harrington*, 89 N.C. App. 476, 479, 366 S.E.2d 705, 707 (1988) (citation omitted). Thus,

> while Rule 52(a) does not require a recitation of the evidentiary and subsidiary facts required to prove the ultimate facts, it does require *specific findings* of the ultimate facts established by the evidence, admissions and stipulations which are determinative of the questions involved in the action and essential to support the conclusions of law reached.

*Quick v. Quick*, 305 N.C. 446, 452, 290 S.E.2d 653, 658 (1982).

In the instant case, many of the trial court's findings of fact are not the "ultimate facts" required by Rule 52(a), *Montgomery*, 32 N.C. App. at 156-57, 231 S.E.2d at 28, but rather are mere recitations of the evidence and do not reflect the "processes of logical reasoning," *Appalachian Poster Advertising Co.*, 89 N.C. App. at 479, 366 S.E.2d at 707. This is indicated by the trial court's repeated statements that a witness "testified" to certain facts or other words of similar import. For example, the purported "findings" regarding the parties' respective monthly expenses read as follows in pertinent part:

> 12. From her *testimony* and her *financial affidavit* filed August 14, 1998, the Defendant has needs and expenses of approximately $3,010.00 per month. . . .

> 13. The Plaintiff *testified* to his family (new spouse, her daughters, and himself) having total needs and expenses of $6,861.00. *He estimated* his personal needs and expenses to be $4,394.00 per month. *Plaintiff testified* he took as his expenses 1/4 of household expenses, as 4 people were living in the house (the Plaintiff, his new wife, and her two children).

(Emphasis added.) These findings are mere recitations of the evidence and are not the ultimate facts required to support the trial court's conclusions of law regarding the needs of the parties.

WILLIAMSON v. WILLIAMSON

[140 N.C. App. 362 (2000)]

Additionally, N.C. Gen. Stat. § 50-16.3A(c) (1995) requires the trial court, in making an alimony award, to set forth "the reasons for its amount, duration, and manner of payment." The trial court in the case at bar failed to provide any reasoning for the $1,500.00 monthly amount, why the award was permanent, or why it would be paid directly to the Union County Clerk of Court. *See Friend-Novorska v. Novoraka*, 131 N.C. App. 867, 870, 509 S.E.2d 460, 462 (1998) (holding that trial court violated N.C.G.S. § 50-16.3A(c) by failing to set forth reasoning to support the amount or duration of a thirty-month alimony award).

Additionally, in awarding attorney's fees, the trial court failed to "make findings of fact as to the nature and scope of legal services rendered, the skill and the time required upon which a determination of reasonableness of the fees can be based." *Owensby v. Owensby*, 312 N.C. 473, 475-76, 322 S.E.2d 772, 774 (1984) (citations omitted). This failure effectively precludes this Court from determining whether the trial court abused its discretion in setting the amount of the award.

We also hold the trial court's conclusions of law constitute "bare conclusion[s] unaccompanied by the supporting grounds for [such] conclusion," in violation of Rule 52(a). *Appalachian Poster Advertising Co.*, 89 N.C. App. at 480, 366 S.E.2d at 707. "A 'conclusion of law' is the court's statement of the law which is determinative of the matter at issue [and] . . . must be based on the facts found by the court . . . ." *Montgomery*, 32 N.C. App. at 157, 231 S.E.2d at 28-29 (citations omitted). Accordingly, the trial court was required to conclude on the basis of the ultimate facts whether alimony was proper. We hold the conclusions of law here constitute nothing more than general statements of the law and are not related in any way to the findings of fact.

Based on the foregoing, we reverse the trial court's order and remand with instructions that the trial court make appropriate findings of fact and conclusions of law to support its awards, if any. We leave it to the trial court to determine whether additional evidence is needed. Having determined the trial court's findings and conclusions will not support its decision, it is unnecessary for us to discuss the remaining assignments of error as the facts giving rise thereto may not occur on remand.

Reversed and remanded.

Judge WALKER concurs.

Judge TIMMONS-GOODSON concurring in part, and dissenting in part.

Judge TIMMONS-GOODSON concurring in part and dissenting in part.

Because I believe that the order of the trial court contains appropriate findings of fact and conclusions of law to support the award of alimony, I respectfully dissent.

Under section 50-16.2 of the General Statutes, a spouse "who is actually substantially dependent upon the other spouse for his or her maintenance and support or is substantially in need of maintenance and support from the other spouse" is entitled to alimony. N.C. Gen. Stat. § 50-16.1A(2) (1999). A spouse is "actually substantially dependent" if he or she can demonstrate "actual dependence on the other in order to maintain the standard of living to which he or she became accustomed during the last several years prior to the spouses' separation." *Talent v. Talent*, 76 N.C. App. 545, 548, 334 S.E.2d 256, 258 (1985), *superseded on other grounds by* N.C. Gen. Stat. § 50-16.3A(a) (1999). An award of alimony based on dependency must contain " 'findings sufficiently specific to indicate that the trial judge properly considered each of the factors . . . for a determination of an alimony award.' " *Lamb v. Lamb*, 103 N.C. App. 541, 545, 406 S.E.2d 622, 624 (1991) (quoting *Shamarak v. Shamarak*, 81 N.C. App. 125, 128, 343 S.E.2d 559, 561 (1986) (citations omitted)).

In my opinion, the following pertinent findings of fact are sufficiently specific to determine dependency:

6. The Plaintiff is employed by the First Presbyterian Church of Monroe, North Carolina. He is under contract . . . and has a gross yearly income of $77,227.88 . . . .

. . . .

8. The Plaintiff supplements his income with honorariums for weddings and other services at a rate of approximately $100.00 per month. The Plaintiff has had gross income in excess of $70,000.00 since at least 1994.

9. During the marriage of the parties, the Defendant worked off and on as a teacher, never earning in excess of $16,000.00 per year.

. . . .

11. The Defendant is currently working four jobs, at approximately 52 hours per week to make ends meet. Defendant nets $1,422.00 per month. At the time of this hearing, she had not made her mortgage payment for three months.

12. From her testimony and her financial affidavit filed August 14, 1998, the Defendant has needs and expenses of approximately $3,010.00 per month. . . .

13. The Plaintiff testified to his family (new spouse, her daughters, and himself) having total needs and expenses of $6,861.00. He estimated his personal needs and expenses to be $4,394.00 per month. . . .

14. The Defendant has suffered from depression and anxiety attacks since at least 1991. She has seen Dr. John Humphries off and on since that time. Since [the] time of the parties' separation, the Defendant's depressed periods have increased in frequency and severity. When the Defendant is in a depressed state, she can do nothing. Her brain "turns off", and she cannot function, cannot bathe, buy groceries, cook, etc. She fatigues easily, and cries without warning. . . .

. . . .

17. Dr. Humphries testified that the Defendant should not work in a stressful environment or job, or a job requiring intense cognitive functions or judgment. In Dr. Humprhies' opinion, teaching is a very stressful environment, and although Defendant has improved her situation somewhat, for the past two years she was working at the level she was able to perform with efficiency, i.e. part-time retail work. . . .

18. Prior to the parties' separation, their lifestyle was not lavish, however, it was comfortable. The Plaintiff had income in excess of $50,000.00, and an additional $20,000.00 in benefits. The Defendant was able to go to lunch with friends, attend meetings, go to the theater, and travel. (Some of the trips were paid for by Plaintiff's mother, however, the parties still had to pay their food and entertainment expenses) The Defendant purchased clothing

at Belks and The Limited (spending approximately $200.00 per month). She spent $40.00 to $50.00 per month on personal care, $80.00 per month on her hair, and $500.00 to $1000.00 on Christmas and birthday gifts for the family and their children. The house the parties lived in prior to separation was over 3000 square feet.

19. The Defendant currently lives in a house with 1100 square feet. She cannot attend movies or go to lunch with friends. She purchases clothing when she does at the Goodwill Store and consignment shops. And, she spends approximately $5.00 per month on personal care (A neighbor cuts her hair). She would like to spend approximately $50.00 per person for Christmas and birthdays. The Defendant had a housekeeper before separation, and now cannot afford one, although the Plaintiff has a part time housekeeper.

20. The Plaintiff is remarried to a woman who was employed as a Registrar at Wingate College earning $31,000.00 per year. They live in his current wife's pre-marital house with a mortgage of $1215.00 per month, and with taxes and insurance an extra $1,000.00. It has 3500 square feet. . . .

21. The Plaintiff drives a 1993 Toyota Camry, and the Defendant drives a 1987 Honda automobile which does not have air conditioning because it is broken, and the Defendant has been unable to fix it since [the] summer of 1998.

Because there is competent evidence in the record to support these findings, they are conclusive on appeal. *See Olivetti Corp. v. Ames Business Systems, Inc.*, 319 N.C. 534, 541, 356 S.E.2d 578, 582, *reh'g denied*, 320 N.C. 639, 360 S.E.2d 92 (1987) (trial court's factual findings are binding if competent evidence exists to support them). I am also satisfied that these findings, in turn, support the following conclusions of law:

1. The Defendant is a dependant spouse as defined by N.C.G.S. § 50-16.1(a)(2).

2. The Plaintiff is the supporting spouse as defined by N.C.G.S. § 50-16.1(a)(5).

3. The Defendant is entitled to an award of alimony.

4. An award of alimony is equitable considering all of the relevant factors, including those set out in N.C.G.S. § 50-16.3(a)(b).

5. The Plaintiff, as the supporting spouse, has the ability to pay the designated amount.

6. That the amount awarded as alimony is fair and just to all parties based on a consideration of all the relevant factors, including those set out in N.C.G.S. § 50-16.3(a)(b).

Accordingly, I vote to affirm the order directing plaintiff to pay to defendant the sum of $1,500.00 per month as alimony, such payments to continue until the death of either party or until the remarriage or cohabitation of defendant. As to the matter of attorneys fees, I agree with the majority that there are insufficient findings of fact and conclusions of law to support the award. Therefore, I would reverse that portion of the award and remand for further appropriate findings.