KELLY B. CROCKER, PLAINTIFF v. GREGORY S. CROCKER, DEFENDANT

No. COA07-964

(Filed 6 May 2008)

**1. Divorce— postseparation support—sufficiency of findings of fact—financial needs—standard of living—expenses reasonably necessary**

The trial court erred by entering an order for postseparation support to defendant husband without the findings of fact required by N.C.G.S. § 50-16.2A(b), and the order is reversed and

the case is remanded for the necessary findings of fact, because: (1) although the court's finding of fact about the mortgage payment on the wife's residence was sufficient to show the court properly considered that factor in awarding postseparation support when the evidence revealed that it was the parties' only debt, the court's finding about defendant husband's need for support was insufficient to show other statutory factors were considered when it merely recited his testimony; and (2) the trial court failed to make necessary findings of the financial needs of the parties, considering the parties' accustomed standard of living, and the expenses reasonably necessary to support each of the parties.

**2. Divorce— permanent alimony—sufficiency of findings of fact—substantially dependent or substantially in need of maintenance or support**

The trial court erred by entering an order of permanent alimony to defendant husband when it failed to make the required findings of fact under N.C.G.S. § 50-16.3A(a), and the order is reversed and remanded for the necessary findings of fact, because: (1) in order to support its finding that the husband was actually substantially dependent, the trial court should have made findings of the parties' incomes and expenses and the standard of living of the family unit, but failed to do so; (2) the court failed to make findings regarding the husband's need for financial contribution or the parties' estates; and (3) the court did not properly find that defendant husband was either actually substantially dependent or substantially in need of maintenance or support.

**3. Divorce— alimony—sufficiency of findings of fact—amount, duration, or manner of payment**

The trial court erred by concluding the findings of fact were sufficient to support an award of alimony to defendant husband under N.C.G.S. § 50-16.3A(b) and (c), and on remand the trial court is required to make the necessary findings, because: (1) in regard to the amount and sources of earned and unearned income of both spouses, the court did not make findings of fact about income from retirement or other benefits even though it found that both parties had individual retirement accounts, stock options, and financial assets; (2) the court failed to make findings of the parties' standard of living, husband's real estate assets, and the relative needs of the spouses; and (3) the trial court failed to

CROCKER v. CROCKER

[190 N.C. App. 165 (2008)]

state any reason for the amount of alimony, its duration, or the manner of payment.

Appeal by plaintiff from orders entered 17 August 2005 *nunc pro tunc* 28 June 2005, 23 March 2007 *nunc pro tunc* 13 February 2007, and 29 March 2007 *nunc pro tunc* 12 March 2007 by Judge Amy R. Sigmon in Catawba County District Court. Heard in the Court of Appeals 3 March 2008.

*Wyrick Robbins Yates & Ponton LLP, by K. Edward Greene and Tobias S. Hampson, for plaintiff-appellant.*

*Crowe & Davis, P.A., by H. Kent Crowe, for defendant-appellee.*

MARTIN, Chief Judge.

Plaintiff appeals from the trial court's orders awarding defendant $2,000 per month in postseparation support and alimony and its denial of a subsequent request for additional findings of fact.

Plaintiff Kelly B. Crocker ("wife") and defendant Gregory S. Crocker ("husband") were married on 1 July 1989 and separated on 6 September 2004. They were divorced in November 2005. Four minor children were born during the marriage. Wife is a pediatrician, and husband is self-employed, earning income through his ownership and management of rental properties in the Boone/Blowing Rock area. On 2 February 2005, wife filed a complaint seeking divorce from bed and board, interim distribution, equitable distribution, child custody, and child support. On 7 April 2005, husband filed an answer and counterclaim, seeking divorce from bed and board, postseparation support, alimony, equitable distribution, child custody, and child support. Wife filed a reply on 10 June 2005. The trial court heard the issues of temporary custody, child support, and postseparation support on 28 June 2005 and awarded husband $2,000 per month in postseparation support. The court made findings that husband's gross monthly income was $4,800, wife's gross monthly income was $13,444, and the parties owned two residences. One residence did not have a mortgage and the other residence was on Lake Hickory and had a monthly mortgage payment of $1,318.

On 20 October 2006, the trial court held a hearing on permanent alimony. The court took judicial notice of the postseparation support order, among other documents, and incorporated the findings of fact from these documents by reference. On 7 March 2007,

before the permanent alimony award was entered, wife filed a motion for additional findings of fact and amendment of the order pursuant to N.C.G.S. § 1A-1, Rule 52. On 23 March 2007, the court entered the order awarding husband alimony of $2,000 per month for sixteen years. The court also entered an order denying wife's motion for additional findings of fact. Wife appeals.

---

**[1]** First, wife argues that the trial court erred in entering the order for postseparation support because it lacked findings of fact required by N.C.G.S. § 50-16.2A(b). The statute requires:

> In ordering postseparation support, the court shall base its award on the financial needs of the parties, considering the parties' accustomed standard of living, the present employment income and other recurring earnings of each party from any source, their income-earning abilities, the separate and marital debt service obligations, those expenses reasonably necessary to support each of the parties, and each party's respective legal obligations to support any other persons.

N.C. Gen. Stat. § 50-16.2A(b) (2007). N.C.G.S. § 1A-1, Rule 52(a) requires in all non-jury trials that the trial court find specially "those material and ultimate facts from which it can be determined whether the findings are supported by the evidence and whether they support the conclusions of law reached." *Quick v. Quick*, 305 N.C. 446, 451, 290 S.E.2d 653, 657 (1982); *see also* N.C. Gen. Stat. § 1A-1, Rule 52 (2007). We note that the general principles articulated in *Quick* as applied to alimony awards are equally applicable to awards of postseparation support. *See* 2 Suzanne Reynolds, *Lee's North Carolina Family Law* § 8.45 & n.312 (5th ed. 1999) (citing *Quick*, 305 N.C. at 450, 290 S.E.2d at 657, for the proposition "[b]ecause all of the issues in the claim for postseparation support are decided by the court, Rule 52 of the Rules of Civil Procedure governs the contents of the [postseparation support] order"). When a statute requires the court to consider certain factors in making an award, "[t]he trial court must at least make findings sufficiently specific to indicate that the trial judge properly considered each of the [statutory] factors." *Skamarak v. Skamarak*, 81 N.C. App. 125, 128, 343 S.E.2d 559, 561 (1986) (citing *Quick*, 305 N.C. 446, 290 S.E.2d 653). Wife contends that the court failed to make findings related to the parties' financial needs, their accustomed standard of living, their separate and marital debt obligations, and the expenses reasonably necessary to support each of them. With regard to these factors, the trial court found "[d]efendant

CROCKER v. CROCKER

[190 N.C. App. 165 (2008)]

testified that he needs $3,500.00 per month as post-separation support," and "[d]efendant is living in a residence upon which there is no mortgage payment. The [p]laintiff is living in the Lake Hickory residence which is encumbered by a mortgage that costs about $1,318.00 per month that [p]laintiff is paying."

Furthermore:

[W]hile Rule 52(a) does not require a recitation of the evidentiary and subsidiary facts required to prove the ultimate facts, it does require *specific findings* of the ultimate facts established by the evidence, admissions and stipulations which are determinative of the questions involved in the action and essential to support the conclusions of law reached.

*Quick*, 305 N.C. at 452, 290 S.E.2d at 658. "[M]ere recitations of the evidence . . . do not reflect the 'processes of logical reasoning' " and are not ultimate facts; therefore, they are insufficient. *Williamson v. Williamson*, 140 N.C. App. 362, 364, 536 S.E.2d 337, 339 (2000) (quoting *Appalachian Poster Adver. Co. v. Harrington*, 89 N.C. App. 476, 479, 366 S.E.2d 705, 707 (1988)). Because the evidence revealed that the only debt the parties had was the mortgage on the Lake Hickory residence, the court's finding of fact about the mortgage payment was sufficient to show that the court properly considered that factor in awarding postseparation support. However, because the court's finding about husband's need for support merely recites husband's testimony, it is insufficient to show the court considered the other statutory factors for postseparation support. Coupled with the court's failure to make findings of fact about the parties' standard of living, we conclude the trial court failed to make necessary findings of the financial needs of the parties, considering the parties' accustomed standard of living and the expenses reasonably necessary to support each of the parties. Therefore, we reverse the postseparation support order and remand the case to the trial court for findings of fact in accordance with N.C.G.S. § 50-16.2A.

[2] Next, wife argues that the trial court erred in entering its order of permanent alimony where it failed to make required findings of fact pursuant to N.C.G.S. § 50-16.3A. The court purported to make extensive findings of fact by taking judicial notice of the postseparation support order, the consent judgment regarding equitable distribution, the child custody and support order, and various wage affidavits and amended alimony affidavits and incorporating by reference the facts in these documents. As we previously noted, when determining an

alimony award, "[t]he trial court must at least make findings sufficiently specific to indicate that the trial judge properly considered each of the [statutory] factors." *Skamarak*, 81 N.C. App. at 128, 343 S.E.2d at 561. The general incorporation of all findings from other court documents is not sufficiently specific to demonstrate whether the trial judge properly considered the statutory factors for awarding alimony. Therefore, these findings of fact cannot be considered in determining whether the court's findings of fact are adequate under N.C.G.S. § 50-16.3A.

Wife argues that the trial court's findings of fact were insufficient under § 50-16.3A(a), which requires "a finding that one spouse is a dependent spouse, that the other spouse is a supporting spouse, and that an award of alimony is equitable after considering all relevant factors" before the court makes an award of alimony. N.C. Gen. Stat. § 50-16.3A(a) (2007). " 'Dependent spouse' means a spouse, whether husband or wife, who is actually substantially dependent upon the other spouse for his or her maintenance and support or is substantially in need of maintenance and support from the other spouse." N.C. Gen. Stat. § 50-16.1A(2) (2007). In the case before us, the trial court found "[d]efendant is . . . actually substantially dependent upon the plaintiff for his maintenance and support and is substantially in need of maintenance and support." Wife contends that these findings are error when they are not supported by necessary additional findings of fact as recognized by our Supreme Court in *Williams v. Williams*, 299 N.C. 174, 261 S.E.2d 849 (1980). We agree.

In *Williams*, our Supreme Court concluded:

[T]he legislature intended trial courts to determine dependency . . . bearing in mind these propositions:

. . . .

(2) The incomes and expenses measured by the standard of living of the family as a unit must be evaluated from the evidence presented. If this comparison reveals that one spouse is without means to maintain his or her accustomed standard of living, then the former would qualify as the dependent spouse under the phrase "actually substantially dependent."

*Id.* at 182-83, 261 S.E.2d at 855-56 (quoting N.C. Gen. Stat. § 50-16.1(3) (now N.C. Gen. Stat. § 50-16.1A(2) (2007))). Thus, in order to support its finding that husband was actually substantially dependent,

the trial court should have made findings of the parties' incomes and expenses and the standard of living of the family unit. Although the court made findings of fact of the parties' incomes, it did not make any findings of fact to show it considered their expenses or their standard of living. Accordingly, the court's findings of fact were insufficient to support a finding that husband was actually substantially dependent.

The Court in *Williams* further noted: "If the comparison does not reveal an *actual* dependence by one party on the other, the trial court must then determine if one spouse is 'substantially in need of maintenance and support' from the other. In doing so, . . . additional guidelines should be followed." *Id.* at 183, 261 S.E.2d at 856. The additional guidelines include "the standard of living, socially and economically, to which the parties *as a family unit* had become accustomed during the several years prior to their separation"; "the present earnings and prospective earning capacity and any other 'condition' (such as health and child custody) of each spouse"; "whether the spouse seeking alimony has a demonstrated need for financial contribution from the other spouse in order to maintain the standard of living of the spouse seeking alimony in the manner to which that spouse became accustomed during the last several years prior to separation"; "[t]he financial worth or 'estate' of both spouses"; and "the length of a marriage and the contribution each party has made to the financial status of the family over the years." *Id.* at 183-85, 261 S.E.2d at 856-57. Of these factors, in the present case, the court made no findings of the standard of living of the parties, husband's need for financial contribution, or the parties' estates. Therefore, the findings of fact are insufficient for the court to find that husband was substantially in need of maintenance or support. Because the court did not properly find that husband was either actually substantially dependent or substantially in need of maintenance or support, we must reverse the order awarding permanent alimony and remand for findings of fact in accordance with N.C.G.S. § 50-16.3A(a).

**[3]** Wife further argues that the findings of fact were insufficient to support an award of alimony in accordance with N.C.G.S. § 50-16.3A(b). We agree. The statute mandates "[i]n determining the amount, duration, and manner of payment of alimony, the court shall consider all relevant factors" and lists sixteen factors. N.C. Gen. Stat. § 50-16.3A(b). "[T]he court shall make a specific finding of fact on each of the factors in subsection (b) of this section if evidence is offered on that factor." N.C. Gen. Stat. § 50-16.3A(c). Wife contends

CROCKER v. CROCKER

[190 N.C. App. 165 (2008)]

that the trial court failed to make findings of fact on five of the required factors.

First, wife contends the court failed to make findings of "[t]he amount and sources of earned and unearned income of both spouses, including, but not limited to, earnings, dividends, and benefits such as medical, retirement, insurance, social security, or others." N.C. Gen. Stat. § 50-16.3A(b)(4). Although the court made findings of the earned income of the parties and wife's health insurance benefits, the court did not make findings of fact about income from retirement or other benefits but did find that both parties had "individual retirement accounts, stock options, and financial assets."

Additionally, wife claims that the trial court failed to make findings of "[t]he standard of living of the spouses established during the marriage; . . . [t]he relative assets and liabilities of the spouses; . . . [and t]he relative needs of the spouses." N.C. Gen. Stat. § 50-16.3A(b)(8), (10), and (13). The court failed to make findings of the parties' standard of living, husband's real estate assets, and the relative needs of the spouses. Without these necessary findings, we cannot determine whether the court properly considered the relevant factors; therefore, upon remand, we direct the trial court to make findings of fact on these factors.

We also agree with wife that the court failed to make the necessary findings under N.C.G.S. § 50-16.3A(c), which requires: "The court shall set forth the reasons for its award or denial of alimony and, if making an award, the reasons for its amount, duration, and manner of payment." The trial court failed to state any reason for the amount of alimony, its duration, or the manner of payment. On remand, we direct the court also to make findings of fact in accordance with § 50-16.3A(c).

Orders for postseparation support and alimony are reversed and remanded for additional findings.

Reversed and Remanded.

Judges CALABRIA and GEER concur.