TYSON, Judge.
 

 *698
 
 Randy Ray Collins ("Defendant") appeals from the trial court's orders awarding post-separation support, alimony, an alimony arrearage, and attorney fees in favor of Mary J.S. Collins ("Plaintiff"). We affirm the order on post-separation support. We reverse and remand the orders on alimony, alimony arrearage, and attorney fees.
 

 *856
 

 I. Background
 

 Plaintiff and Defendant married in 1987 and separated on 6 March 2010. Two children were born of the marriage. On 11 October 2010, Plaintiff filed a complaint for post-separation support, alimony, and equitable distribution.
 

 The trial court heard Plaintiff's claim for post-separation support on 25 January 2011 and entered an order on 6 October 2011. The court concluded Plaintiff was a dependent spouse, Defendant was a supporting spouse, and awarded Plaintiff post-separation support in the amount of $2,800.00 per month for thirty months, or until the order was terminated or modified.
 

 The trial court heard Plaintiff's equitable distribution claim in June, July and August 2012 and entered an order on equitable distribution over a year later on 10 September 2013. The court found Plaintiff was entitled to a distributive award in the amount of $119,463.62, and Defendant was
 
 *699
 
 entitled to a distributive award of $62,725.93. Included in the property awarded to Defendant was his interest and personal liability in various real estate companies.
 

 The trial court heard Plaintiff's claim for alimony in August and September 2012. Over two years later, on 20 October 2014, the court entered orders awarding alimony to Plaintiff and setting the amount of alimony arrearage Defendant owed. Defendant was ordered to pay alimony to Plaintiff in the amount of $4,175.00 per month until the death of either party, or until Plaintiff remarries or cohabitates.
 

 On 31 December 2014, the trial court entered an order allowing Plaintiff to recover her attorney fees of $8,000.00 from Defendant. Defendant appeals from the trial court's orders awarding post-separation support, alimony, alimony arrearage, and attorney fees.
 

 II. Issues
 

 Defendant argues the trial court erred by: (1) determining Defendant is a supporting spouse and Plaintiff is a dependent spouse entitled to post-separation support; (2) ordering Defendant to pay alimony without determining Plaintiff's income and entering findings of fact, which do not support the conclusions of law to hold Plaintiff is entitled to alimony; (3) determining the amount of Defendant's alimony obligation to Plaintiff; (4) making the alimony award permanent, without providing any reason for the extended duration or manner of payment of the award; and, (5) awarding alimony arrearages and attorney fees.
 

 III. Standard of Review
 

 "[W]hen the trial court sits without a jury, the standard of review on appeal is whether ... competent evidence ... support[s] the trial court's findings of fact and whether its conclusions of law were proper in light of such facts."
 
 Oakley v. Oakley,
 

 165 N.C.App. 859
 
 , 861,
 
 599 S.E.2d 925
 
 , 927 (2004) (citation omitted). If the court's findings of fact are supported by competent evidence, they are conclusive on appeal, even if there is contrary evidence.
 
 Scott v. Scott,
 

 336 N.C. 284
 
 , 291,
 
 442 S.E.2d 493
 
 , 497 (1994).
 

 Whether a spouse is entitled to an award of alimony or post-separation support is a question of law.
 
 Rickert v. Rickert,
 

 282 N.C. 373
 
 , 379,
 
 193 S.E.2d 79
 
 , 82 (1972). This Court reviews questions of law
 
 de novo.
 

 N.C. Dep't of Env't & Natural Res. v. Carroll,
 

 358 N.C. 649
 
 , 659,
 
 599 S.E.2d 888
 
 , 894 (2004). "Under a
 
 de novo
 
 review, the court considers the matter anew and freely substitutes its own judgment for that of the [trial court]."
 
 In re Greens of Pine Glen Ltd.,
 

 356 N.C. 642
 
 , 647,
 
 576 S.E.2d 316
 
 , 319 (2003) (citation omitted).
 

 *700
 
 The trial court's determination of the amount of alimony is reviewed for an abuse of discretion.
 
 Quick v. Quick,
 

 305 N.C. 446
 
 , 453,
 
 290 S.E.2d 653
 
 , 658 (1982). The trial court's decision constitutes an abuse of discretion where it "is manifestly unsupported by reason, or so arbitrary that it could not have been the result of a reasoned decision[.]"
 
 Frost v. Mazda Motor of Am., Inc.,
 

 353 N.C. 188
 
 , 199,
 
 540 S.E.2d 324
 
 , 331 (2000) (citations and internal quotation marks omitted).
 

 IV. Missing Portions of Transcript
 

 One result of the two-year delay in length of time, which elapsed between the hearing and entry of the alimony order, is the recordings of the court proceedings became unavailable.
 

 *857
 
 Defendant's counsel was only able to procure recordings of the 13 August, 14 August and 20 August 2012 proceedings. These transcripts contain only Plaintiff's evidence.
 

 The issues Defendant has raised on appeal pertain to questions of law and whether the trial court's findings of fact support the conclusions, and not the sufficiency of the findings of fact. The parties' briefs and the record before us are sufficient to permit review of Defendant's issues on appeal. These facts show yet another consequence in long delays between dates of hearings and entry of orders.
 

 V. Entitlement to Post-Separation Support
 

 Defendant argues the trial court erred in determining Defendant is a supporting spouse and Plaintiff is a dependent spouse entitled to post-separation support. We disagree.
 

 An award of post-separation support is governed by N.C. Gen.Stat. § 50-16.2A :
 

 (b) In ordering postseparation support, the court shall base its award on the financial needs of the parties,
 
 considering the parties' accustomed standard of living,
 
 the present employment income and other recurring earnings of each party from any source, their income-earning abilities, the separate and marital debt service obligations, those expenses reasonably necessary to support each of the parties, and each party's respective legal obligations to support any other persons.
 

 (c) Except when subsection (d) of this section applies, a dependent spouse is entitled to an award of postseparation support if, based on consideration of the factors specified in subsection (b) of this section, the court finds that
 
 *701
 
 the resources of the dependent spouse are not adequate to meet his or her reasonable needs and the supporting spouse has the ability to pay.
 

 N.C. Gen.Stat. § 50-16.2A(b) (2013) (emphasis supplied). Subsection (d) of the statute pertains to marital misconduct. N.C. Gen.Stat. § 50-16.2A(d) (2013).
 

 A dependent spouse is defined as one "who is actually substantially dependent upon the other spouse for his or her maintenance and support or is substantially in need of maintenance and support from the other spouse." N.C. Gen.Stat. § 50-16.1A(2) (2013). "Actually substantially dependent requires that the party seeking alimony would be actually unable to maintain the accustomed standard of living [established before separation] from his or her own means."
 
 Hunt v. Hunt,
 

 112 N.C.App. 722
 
 , 726,
 
 436 S.E.2d 856
 
 , 859 (1993) (citation and internal quotation marks omitted). A spouse is "substantially in need of maintenance" if the dependent spouse will be unable to meet future needs even if current needs are met.
 
 Id.
 
 at 181-82, 261 S.E.2d at 855. The legal principles, which govern alimony awards, "are equally applicable to awards of post-separation support."
 
 Crocker v. Crocker,
 

 190 N.C.App. 165
 
 , 168,
 
 660 S.E.2d 212
 
 , 214 (2008).
 

 An objective determination of the parties' "accustomed standard of living" is central to the trial court's determination on alimony and post-separation support.
 
 Id.
 
 at 169,
 
 660 S.E.2d at 214
 
 . Our Supreme Court has explained the phrase "accustomed standard of living of the parties,"
 

 contemplates the economic standard established by the marital partnership for the family unit during the years the marital contract was intact. It anticipates that alimony, to the extent that it can possibly do so, shall sustain that standard of living for the dependent spouse to which the parties together became accustomed.
 

 Williams v. Williams,
 

 299 N.C. 174
 
 , 181,
 
 261 S.E.2d 849
 
 , 855 (1980).
 

 The trial court heard Plaintiff's claim for post-separation support on 25 January 2011, less than a year after the parties separated. The order was not entered until 6 October 2011. The court found Defendant's gross income in 2010 was approximately $156,000.00. His net income was $95,869.00, which equals $7,989.00 per month, but the court found this figure is "lower than actual because it does not consider deductions and exemptions." The court found Defendant earned a gross income of
 
 *702
 
 $147,069.00 in 2009 and a gross income of $115,000.00 in 2007. The court did not make any findings of Defendant's income in 2008.
 
 *858
 
 The court found Plaintiff earned a net monthly income of approximately $1,900.00 per month from employment at a retirement center and a restaurant in 2010. The court determined "[t]hat under the circumstances existing at the date of separation, the Defendant was a supporting spouse and the Plaintiff was a dependent spouse. This is also currently the case."
 

 The court found:
 

 9. The Plaintiff's current reasonabl[e] monthly needs to live in the lifestyle to which she had become accustomed leading up to the date of separation is approximately $4,000.00 per month. The Defendant's current monthly needs are approximately $4,300.00 per month, not including his payments toward the college education of the parties' emancipated daughter.
 

 The court awarded post-separation support to Plaintiff in the amount of $2,800.00 per month for a period of thirty months, effective November 2010, the month following the filing of her claim for post-separation support.
 

 Defendant argues the order awarding post-separation support is reversible because it fails to: (1) find the parties' accustomed standard of living as a family unit during the marriage; and, (2) reflect how the court determined Plaintiff's living expenses, as measured against the accustomed standard of living. Defendant asserts the trial court focused entirely on the parties' comparative incomes and current expenses, without regard for the economic needs of the parties as a family unit during the marriage.
 

 N.C. Gen.Stat. § 1A-1, Rule 52(a) requires in all non-jury trials, the trial court specially find "those material and ultimate facts from which it can be determined whether the findings are supported by the evidence and whether they support the conclusions of law reached."
 
 Quick,
 

 305 N.C. at 451
 
 ,
 
 290 S.E.2d at 657
 
 . The trial court found that Plaintiff required $4,000.00 per month to continue the lifestyle to which she had become accustomed during marriage. The trial court made no specific findings regarding the parties' marital standard of living, such as their necessary and discretionary expenditures, the type of home they lived in, or the types of activities or vacations shared.
 

 *703
 
 In
 
 Adams v. Adams,
 
 this Court held the trial court sufficiently addressed the parties' standard of living, when the order contained findings of the supporting spouse's "monthly gross income and his reasonable living expenses, coupled with the findings as to [the dependent spouse's] monthly income and her expenses during the last year of the marriage."
 
 92 N.C.App. 274
 
 , 279-80,
 
 374 S.E.2d 450
 
 , 453 (1988),
 
 superseded on other grounds by statute as stated in
 

 Brannock v. Brannock,
 

 135 N.C.App. 635
 
 ,
 
 523 S.E.2d 110
 
 (1999),
 
 disc. review denied,
 

 351 N.C. 351
 
 ,
 
 543 S.E.2d 123
 
 (2000). This Court also held, "[t]he statute does not require a specifically articulated finding on the subject [of accustomed standard of living]."
 
 iD.
 
 at 280, 374 s.E.2D at 453 (citing
 
 bEaman v. bEaman,
 
 77 n.C.APp. 717, 721-22,
 
 336 S.E.2d 129
 
 , 131-32 (1985) (holding the trial court's failure to make a categorical finding about the parties' accustomed standard of living was not fatal to the validity of the judgment)).
 

 The trial court's order on post-separation support sufficiently addresses the issue of the parties' accustomed standard of living established during the marriage. This argument is overruled.
 

 VI. Alimony Award
 

 A. Plaintiff's Current Income
 

 Defendant argues the trial court erred in awarding alimony to Plaintiff. He asserts the findings of fact do not include any determination of Plaintiff's current income from which the court could make a determination of whether Plaintiff is a dependent spouse. We agree.
 

 N.C. Gen.Stat. § 50-16.3A governs awards of alimony. The statute provides, in pertinent part:
 

 The court shall award alimony to the dependent spouse upon a finding that one spouse is a dependent spouse, that the other spouse is a supporting spouse, and that an award of alimony is equitable after considering all relevant factors, including those set out in subsection (b) of this section.
 

 N.C. Gen.Stat. § 50-16.3A(a) (2013).
 

 "Alimony is ordinarily determined by a party's
 
 actual
 
 income, from all
 
 *859
 
 sources,
 
 at the time of the order.
 
 "
 
 Kowalick v. Kowalick,
 

 129 N.C.App. 781
 
 , 787,
 
 501 S.E.2d 671
 
 , 675 (1998) (second emphasis supplied and citation omitted);
 
 see also
 

 Rhew v. Felton,
 

 178 N.C.App. 475
 
 , 484-85,
 
 631 S.E.2d 859
 
 , 866 (2006) ("A supporting spouse's ability to pay an alimony award is generally determined by the supporting spouse's income at
 
 *704
 
 the time of the award.") The burden rests on the party seeking alimony to show the accustomed standard of living and the lack of the means to maintain that standard.
 
 Williams,
 

 299 N.C. at 181
 
 ,
 
 261 S.E.2d at 855
 
 .
 

 The court heard Plaintiff's claim for alimony on five dates in August and September 2012, but did not enter the order until two years later on 17 October 2014. In the alimony award, the court made findings of fact of both parties' individual gross and net incomes for the years 2007, 2008, and 2009. The court also made findings to the parties' combined joint adjusted gross income and annual net income for 2007, 2008, and 2009. For the years 2007 through 2009, Plaintiff earned an average net income of $16,387.00. Defendant earned an average net income of $99,547.00 for those years.
 

 In 2010, the year of separation, the court found Plaintiff earned a gross income of $28,530.00, and Defendant earned a gross income of $151,610.00. In 2011, Plaintiff earned a gross income of $27,909.00 and Defendant earned a gross income of $197,878.00. The court further found that, beginning in 2012, Defendant received a base salary of $156,000.00. The court made no findings with regard to Plaintiff's 2012 income.
 

 The court determined Plaintiff's "reasonable expenses necessary to maintain the standard of living acquired prior to the date of separation are approximately $4,300.00 per month, before accounting for savings that the parties could have accumulated if Defendant had not overreached and tied up the parties' liquidated funds into his various real estate investments." The court's determination of Plaintiff's expenses was based upon Plaintiff's financial affidavit, which is dated 10 June 2012. The court determined Defendant's personal expenses to be $3,250.00 per month.
 

 The court determined the amount of alimony Defendant was to pay Plaintiff, as follows:
 

 33. Plaintiff's monthly net income from 2007 through 2009 was $1,366.00. Plaintiff has a shortfall of $2,934.00 needed to meet her reasonable monthly expenses to allow her to maintain the standard of living she maintained prior to [the] date of separation. Again, this does not include the savings that would have been part of the standard of living of the parties had husband not made the real estate investments he made and used marital funds for those. Considering all the factors involved and the need for a gross income sufficient to provide wife with net funds to meet her shortfall and have an opportunity at some
 
 *705
 
 savings, the Court sets alimony in the amount of $4,175.00 per month.
 

 The trial court engaged in various comparisons of the parties' incomes for a number of years dating back to 2007. The court based its determination that Plaintiff had a shortfall of income to expenses by comparing her average net income between 2007 and 2009 with the expenses she was incurring in 2012, three to five years later. The court failed to account for and factor Plaintiff's income received in 2010 and 2011, which was substantially higher than her income in 2007, 2008 and 2009. The court also failed to make any findings regarding Plaintiff's income for 2012.
 

 The order was entered over two years later in 2014 and requires Defendant to pay alimony to Plaintiff calculated based upon Plaintiff's income
 
 from five to seven years prior
 
 to entry of the order.
 
 Kowalick,
 

 129 N.C.App. at 787
 
 ,
 
 501 S.E.2d at 675
 
 . The trial court's conclusion that Plaintiff is a dependent spouse is not supported by the findings of fact that
 
 at the time of the order
 
 Plaintiff lacked sufficient
 
 actual
 
 and
 
 current
 
 income to maintain her standard of living established during the marriage.
 

 Id.
 

 The trial court's order is reversed and remanded.
 

 B. Savings Component of Alimony Award
 

 Defendant argues the trial court abused its discretion by ordering Defendant to pay Plaintiff an additional $1,241.00 per month in alimony so that she could "have an opportunity at some savings." We agree.
 

 *860
 
 With regard to the court's consideration of savings as a component of an alimony award, this Court has held:
 

 Although we agree that the trial court can properly consider the parties' custom of making regular additions to savings plans
 
 as a part of their standard of living
 
 in determining the amount and duration of an alimony award, we conclude the trial court erred in this case when it excluded amounts paid into savings accounts by the parties from their respective incomes. If such an exclusion were allowed, a spouse could reduce his or her support obligation to the other by merely increasing his or her deductions for savings plans. Likewise, a spouse might increase an alimony award by deferring a portion of his or her income to a savings account.
 
 Further, our case law establishes that the purpose of alimony is not to allow a party to accumulate savings.
 

 *706
 

 Glass v. Glass,
 

 131 N.C.App. 784
 
 , 789-90,
 
 509 S.E.2d 236
 
 , 239-40 (1998) (citing
 
 Sguros v. Sguros,
 

 252 N.C. 408
 
 ,
 
 114 S.E.2d 79
 
 (1960) (emphasis supplied)).
 
 See
 

 Roberts v. Roberts,
 

 30 N.C.App. 242
 
 ,
 
 226 S.E.2d 400
 
 (1976).
 

 Defendant argues the additional $1,241.00 of the court's alimony award is not based on the parties' custom of making regular additions to savings plans as a part of their standard of living, but is based on the fact that the parties
 
 did not
 
 save this money during their marriage. The court found:
 

 31. Defendant used marital funds to finance his real estate investments during the marriage. This is money the parties could have regularly accumulated in a savings account, which accumulation could have been a part of the parties' standard of living. Plaintiff was at least tangentially aware of most of Defendant's investments of this sort, but Defendant seriously obligated and encumbered the parties' regular monthly cash flow, and savings, by overreaching in his investments. Defendant was allocated these investment properties in equitable distribution, along with any financial obligations. Each payment Defendant makes toward the investment properties has the potential of creating equity for his own use.
 

 The court further found that Plaintiff's monthly shortfall of $2,934.00 "does not include the savings that
 
 would have
 
 been part of the standard of living of the parties had husband not made the real estate investments he made and used marital funds for those." (Emphasis supplied). The order specifically added $1,241.00 per month to the alimony award to allow Plaintiff to accumulate savings. This additional allowance is contrary to our well-established precedents, which hold the purpose of alimony is not to allow a party to accumulate savings.
 
 See, e.g.,
 

 Glass,
 

 131 N.C.App. at 789-90
 
 ,
 
 509 S.E.2d at 239-40
 
 .
 

 The court made the following finding of fact:
 

 25. The Court does consider that the accumulation of usable savings on a regular monthly basis is a valid component to this couple's standard of living and should be considered as a reasonable expense necessary to maintain the standard of living at the date of separation.
 

 The court made no findings regarding the amount of money the parties contributed to their savings on a monthly basis to support this award.
 

 *707
 
 Furthermore, the court failed to factor in the savings as a monthly expense of Plaintiff in calculating her reasonable monthly expenses. Instead, the court
 
 sua sponte
 
 added a lump sum figure to the alimony award
 
 after
 
 balancing Plaintiff's income and expenses and specifically stated the $1,241.00 was to allow Plaintiff to accumulate savings. Almost thirty percent of the alimony award was specifically added for Plaintiff's savings. An alimony award to allow a party to accumulate savings is improper.
 
 Id.
 
 at 790,
 
 509 S.E.2d at 240
 
 .
 

 If on remand the trial court concludes Plaintiff is a dependent spouse and Defendant is a supporting spouse, the court may consider the issue of a savings component to the alimony award only if the parties' had a habit of regularly contributing money to savings during their marriage. This consideration may only be made in determining the parties' accustomed standard of living during the marriage, and must be factored as an expense when calculating Plaintiff's monthly expenses to determine her monthly shortfall.
 

 Id.
 

 The trial court also wholly failed to make any findings concerning the overall decline in
 
 *861
 
 the economy or of the values of the investment property interest since 2007, prior to castigating Defendant for making these investments. No findings show if or how Plaintiff may have benefitted from these investments during the marriage. This portion of the order is reversed and remanded.
 

 C. Statutory Requirements of N.C. Gen.Stat. § 50-16.3A
 

 Defendant argues the trial court erred by basing its alimony award on a desire for "parity of income" and not the statutory requirements of N.C. Gen.Stat. § 50-16.3A. We agree.
 

 The term "alimony" is defined as "an order for payment of the support and maintenance of a spouse or former spouse[.]" N.C. Gen.Stat. 50-16.1A(1). In determining the amount of alimony, the trial court "shall consider all relevant factors," including the sixteen (16) factors set forth in N.C. Gen.Stat. § 50-16.3A(b).
 
 See
 

 Rhew v. Rhew,
 

 138 N.C.App. 467
 
 , 470,
 
 531 S.E.2d 471
 
 , 473 (2000) ("The trial court must at least make findings sufficiently specific to indicate that the trial judge properly considered each of the factors ... for a determination of an alimony award.") (citation omitted). "In the absence of such findings, appellate courts cannot appropriately determine whether the order of the trial court is adequately supported by competent evidence, and therefore such an order must be vacated and the case remanded for necessary findings."
 

 Id.
 

 (citation omitted).
 

 *708
 
 The factors set forth in N.C. Gen.Stat. § 50-16.3A are as follows:
 

 (1) The marital misconduct of either of the spouses. Nothing herein shall prevent a court from considering incidents of post date-of-separation marital misconduct as corroborating evidence supporting other evidence that marital misconduct occurred during the marriage and prior to date of separation;
 

 (2) The relative earnings and earning capacities of the spouses;
 

 (3) The ages and the physical, mental, and emotional conditions of the spouses;
 

 (4) The amount and sources of earned and unearned income of both spouses, including, but not limited to, earnings, dividends, and benefits such as medical, retirement, insurance, social security, or others;
 

 (5) The duration of the marriage;
 

 (6) The contribution by one spouse to the education, training, or increased earning power of the other spouse;
 

 (7) The extent to which the earning power, expenses, or financial obligations of a spouse will be affected by reason of serving as the custodian of a minor child;
 

 (8) The standard of living of the spouses established during the marriage;
 

 (9) The relative education of the spouses and the time necessary to acquire sufficient education or training to enable the spouse seeking alimony to find employment to meet his or her reasonable economic needs;
 

 (10) The relative assets and liabilities of the spouses and the relative debt service requirements of the spouses, including legal obligations of support;
 

 (11) The property brought to the marriage by either spouse;
 

 (12) The contribution of a spouse as homemaker;
 

 (13) The relative needs of the spouses;
 

 *709
 
 (14) The federal, State, and local tax ramifications of the alimony award;
 

 (15) Any other factor relating to the economic circumstances of the parties that the court finds to be just and proper.
 

 (16) The fact that income received by either party was previously considered by the court in determining the value of a marital or divisible asset in an equitable distribution of the parties' marital or divisible property.
 

 N.C. Gen.Stat. § 50-16.3A (2013).
 

 Here, the trial court's findings of fact were limited to the parties' incomes and expenses in the various years preceding the hearing. On remand, the court shall consider all competent evidence of all the factors set forth in N.C. Gen.Stat. § 50-16.3A and make sufficient findings of fact on each relevant factor to support its conclusions.
 
 See
 

 Hunt,
 

 112 N.C.App. at 728
 
 ,
 
 436 S.E.2d at 860
 
 (reversing alimony award where trial court made findings only as to parties' earnings, and "there were no findings to the parties' estates, earning
 
 *862
 
 capacities, conditions, or accustomed standard of living and the record contains no indication that these factors were considered by the trial court.") This portion of the trial court's order is vacated and remanded.
 

 D. Permanent Duration
 

 Defendant argues the trial court erred by making the alimony award permanent without providing any reason for the extended duration or manner of payment of the award. We agree.
 

 The court ordered Defendant's payment of alimony "shall continue until the death of either party, the remarriage of the Plaintiff, or the cohabitation of the Plaintiff, whichever event shall first occur." N.C. Gen.Stat. § 50-16.3A(c) (2013) provides, "[t]he court shall set forth the reasons for its award or denial of alimony and, if making an award, the reasons for its amount, duration, and manner of payment."
 

 This Court has held a failure to set forth reasons for the duration of the alimony award is reversible error and requires remand.
 
 Squires v. Squires,
 

 178 N.C.App. 251
 
 , 263-64,
 
 631 S.E.2d 156
 
 , 163 (2006) (rejecting the dependent spouse's argument that the court's findings of a thirty-eight year marriage and the fact that she had no income supported a permanent award);
 
 Crocker,
 

 190 N.C.App. at 172
 
 ,
 
 660 S.E.2d at 217
 
 (reversal required where trial court failed to state any reason for amount
 
 *710
 
 of alimony, its duration or manner of payment);
 
 see also
 

 Fitzgerald v. Fitzgerald,
 

 161 N.C.App. 414
 
 , 421-22,
 
 588 S.E.2d 517
 
 , 522-23 (2003) ;
 
 Williamson v. Williamson,
 

 140 N.C.App. 362
 
 , 364-365,
 
 536 S.E.2d 337
 
 , 339 (2000). The trial court erred in ordering the alimony award to be permanent without making findings of fact to support its conclusion as required by the statute and our precedents.
 

 VII. Orders Allowing Arrearages and Attorney Fees
 

 By separate order also entered 20 October 2014, also over two years after the conclusion of the hearing, the trial court set an alimony "arrearage." The court determined Defendant owed an alimony arrearage of $40,675.00. This arrearage was calculated based upon the improper calculations in the alimony order, which we reverse and remand. Upon reversal of the underlying alimony order for errors, the order setting the arrearage must also be reversed.
 

 Likewise, the trial court's 31 December 2014 order awarding attorney fees is predicated upon the determination Plaintiff is a dependent spouse entitled to an award of alimony. N.C. Gen.Stat. § 50-16.4 (2013). Reversal of the determination of the trial court's order awarding alimony also necessitates a reversal and remand of the award of attorney fees. The trial court's ruling on arrearages and attorney fees is reversed.
 

 VIII. Conclusion
 

 The trial court did not err in determining Plaintiff is a dependent spouse and Defendant is a supporting spouse in deciding Plaintiff's entitlement to post-separation support. The order sufficiently addresses the parties' accustomed standard of living established during the marriage.
 
 Adams,
 

 92 N.C.App. at 279-80
 
 ,
 
 374 S.E.2d at 453
 
 .
 

 The trial court's order awarding alimony fails to consider all the statutory factors and to make findings of fact as are set forth in N.C. Gen.Stat. § 50-16.3A.
 

 The trial court's conclusion that Plaintiff is a dependent spouse and Defendant is a supporting spouse is erroneous, where it is based upon Plaintiff's income from 2007 through 2009 and her expenses from 2012 in an order entered more than two years later in 2014.
 

 The trial court erred in ordering the alimony award to be permanent without making sufficient findings of fact to support its conclusions.
 

 The trial court erred in adding a lump sum of $1,241.00 monthly to the alimony award as "savings" for Plaintiff rather than factoring the
 
 *711
 
 amount of money the parties contributed to savings each month into the calculation of Plaintiff's expenses.
 

 We affirm the order on post-separation support, and reverse and vacate the order awarding Plaintiff alimony and attorney fees, and remand this matter to the trial court for a new hearing on alimony and timely entry of an order containing all the statutorily required findings of fact consistent with this decision and prior precedents.
 

 *863
 
 AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
 

 Judges McCULLOUGH and DIETZ concur.