An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA 25-806

Filed 20 May 2026

Mecklenburg County, No. 22CVD007750-590

DANIEL GRIFFIN, Plaintiff/Father/Husband,

v.

ANABEL GRIFFIN, Defendant/Mother/Wife.

Appeal by plaintiff from order entered 11 February 2025 by Judge Paige B. McThenia in Mecklenburg County Superior Court. Heard in the Court of Appeals 23 April 2026.

> *Sodoma Law, P.C., by Rebecca K. Watts, for plaintiff-appellant.*
>
> *Rech Law, P.C., by Kate A. Rech and Alaina T. Prevatte, for defendant-appellee.*

DILLON, Chief Judge.

Plaintiff Daniel Griffin ("Husband") appeals from the trial court's Order on alimony, permanent child support, and attorney's fees. Husband challenges the trial court's classification of him as a supporting spouse, the alimony award, and its failure to differentiate on attorney's fees awarded between work spent on the alimony issue and the permanent child support issue.

## I.  Background

Husband and Defendant Anabel Griffin ("Wife") married in 2012, separated in 2022, and are now divorced.  The parties have two minor children.

In May 2022, Husband initiated this lawsuit seeking custody, attorney's fees, and equitable distribution.

The next day, Wife initiated a second lawsuit, filing a complaint seeking custody, temporary and permanent child support, postseparation support, alimony, and equitable distribution.

The trial court consolidated Wife's lawsuit with this action.

In October 2022, the trial court entered a temporary custody order.  In March 2023, the trial court entered a temporary child support order.  About nine months later, in December 2023 the trial court resolved the issues of permanent child custody and equitable distribution; and heard the issues of permanent child support, alimony, and attorney's fees.

Fourteen months later, on 11 February 2025, the trial court entered an Order, directing Husband to pay Wife $2,000.00 per month in alimony and $10,000.00 in attorney's fees.  Husband appealed.

## II.  Analysis

Husband raises three issues on appeal which we address in turn.

### A.  Alimony

A spouse seeking alimony must prove (1) there is a dependent spouse; (2) there

is a supporting spouse; and (3) the "award of alimony is equitable considering all relevant factors[.]" N.C.G.S. § 50-16.3A(a).

The standard of review for a bench trial is "whether there was competent evidence to support the trial court's findings of fact and whether its conclusions of law were proper in light of such facts." *Oakley v. Oakley*, 165 N.C. App. 859, 861 (2004) (internal quotations and citation omitted). If there is competent evidence supporting the findings of fact the findings are "conclusive on appeal, even if there is contrary evidence." *Collins v. Collins*, 243 N.C. App. 696, 699 (2015) (citing *Scott v. Scott*, 336 N.C. 284, 291 (1994)).

1. Entitlement

We review a trial court's determination of a party's entitlement to alimony de novo. *Rickert v. Rickert*, 282 N.C. 373, 379 (1972) (citations omitted).

Husband does not challenge Wife's classification as a dependent spouse. Rather, Husband challenges his classification as a supporting spouse. Our Supreme Court has stated that "evidence one spouse is dependent does not necessarily infer [imply] the other spouse is supporting." *Williams v. Williams*, 299 N.C. 174, 186 (1980).

A supporting spouse is defined as a "husband or wife, upon whom the other spouse is actually substantially dependent for maintenance and support or from whom such spouse is substantially in need of maintenance and support." N.C.G.S. § 50-16.1A(5). Generally, a spouse is a supporting spouse when his or her income

exceeds expenses. N.C.G.S. § 50-16.2A(b); *see, e.g., Williams*, 299 N.C. at 187.

In this case, the core issue is whether Husband's income exceeds his expenses to support the trial court's classification of him as a supporting spouse and thus Wife's entitlement to alimony as a dependent spouse. Before we reach this issue, however, we must address whether Husband conceded his status in his reply brief to Wife's alimony complaint. "A party is bound by his pleadings and, unless withdrawn, amended, or otherwise altered, the allegations contained in all pleadings ordinarily are conclusive as against the pleader. He cannot subsequently take a position contradictory to his pleadings." *Davis v. Rigsby*, 261 N.C. 684, 686 (1964).

Applying the same principle from *Davis* in the alimony context, this Court, in *Allport v. Allport*, concluded a husband conceded his wife was a dependent spouse where he admitted so in pleadings before the trial court and failed to properly challenge the relevant findings and conclusions supporting the wife's dependent status on appeal. 924 S.E.2d 376, 384 (N.C. Ct. App. 2025). We reasoned "[e]ven if we were to overlook [h]usband's admission of [w]ife's status as a dependent spouse, the unchallenged findings of fact abundantly support the trial court's conclusion that [w]ife is a dependent spouse." *Id.*

Here, in Husband's responsive pleading to Wife's alimony complaint, he concedes his supporting spouse status "as defined by [G.S.] §§ 50-16A(2) and (5)." Thus, the trial court properly classified Husband as a supporting spouse; there is no need to examine whether Husband's income exceeds his expenses.

2. Award

Husband alternatively argues that even if he is a supporting spouse (i.e., Wife is entitled to alimony), he has no ability to pay the $2,000.00 monthly award and thus the trial court abused its discretion in so awarding. Because the trial court committed various mathematical errors, we remand for correction on the alimony award.

This Court reviews a trial court's award of alimony for an abuse of discretion. *Quick v. Quick*, 305 N.C. 446, 453 (1982) (citation omitted). There is an abuse of discretion when the trial court's decision is "manifestly unsupported by reason or one so arbitrary that it could not have been the result of a reasoned decision." *Briley v. Farabow*, 348 N.C. 537, 547 (1998) (citations omitted). An alimony award is determined on broad statutory factors at the trial court's discretion. *See* N.C.G.S. §§ 50-16.3A(a), (b). The statutory factors generally refer to the dependent spouse's need and the supporting spouse's ability to pay. *See id.*; *Alvarez v. Alvarez*, 134 N.C. App. 321, 323 (1999) (discussing the 1995 need-based update to the alimony statute).

Both parties agree the trial court made multiple errors in calculating both Wife's and Husband's expenses. For example, the trial court determined Husband had $2,096.20 in "reasonable monthly individual expenses." However, when the individual calculations within this section are added together along with the trial court's edits as to what is reasonable for certain categories, the correct total value for Husband's reasonable monthly individual expenses is $1,846.86. Other calculation errors appear throughout the Order for both Wife's and Husband's expenses. We are,

therefore, unable to discern whether the trial court abused its discretion by awarding $2,000.00 per month in alimony as a result because these errors impact Wife's need and Husband's ability to pay. *See Edwards v. Edwards*, 102 N.C. App. 706, 710–11 (1991) (stating a trial court's miscalculations affecting "[husband's] expenses relative to his monthly income" are prejudicial requiring the trial court to address the errors). Additionally, it is unclear from the Order whether it included Husband's work-related childcare and child support payment obligations in calculating the alimony award. *See Brady v. Brady*, 282 N.C. App. 420, 428–29 (2022) (vacating and remanding in part the alimony order because it was unclear whether the trial court considered the husband's child support obligations in its calculation).

We cannot "rely on speculation" as to why the court awarded the amount of alimony it did. *Wise v. Wise*, 264 N.C. App. 735, 750 (2019). Thus, we must vacate the portion of the order awarding alimony and remand for further findings.

### B. Attorney Fees

Determination of entitlement to attorney's fees is reviewed de novo. *Rickert*, 282 N.C. at 379. Once entitlement is determined, we review the amount of attorney's fees for an abuse of discretion. *Sayland v. Sayland*, 267 N.C. 378, 382 (1966).

If on appeal, however, the trial court's finding of one of the elements for alimony is vacated, the award of attorney's fees must also be vacated. *Fink v. Fink*, 120 N.C. App. 412, 425 (1995); *see In re Civil Penalty*, 324 N.C. 373, 384 (1989).

We, however, want to briefly address Husband's argument as it contains some merit. Husband challenges the Order on attorney's fees because it fails to differentiate which portion of the award is for alimony and which portion is for permanent child support.

The statute authorizing attorney's fees for *alimony* claims is different from the statute authorizing attorney's fees for *child support* claims. Specifically, G.S. 50-16.4 permits attorney's fees "[a]t any time that a dependent spouse would be entitled to alimony[.]" However, a party seeking attorney's fees in an alimony case must show she is (1) entitled to alimony; (2) a dependent spouse; and (3) without sufficient means to defray the litigation costs. *Clark v. Clark*, 301 N.C. 123, 135–36 (1980).

General Statute 50-13.6 authorizes "reasonable attorney's fees" for child support claims for "[a] party acting in good faith who has insufficient means to defray the expense of the suit[ ]" and requires the trial court to "find as a fact that the party ordered to furnish support has refused to provide support . . . under the circumstances existing at the time of the institution of the action or proceeding[.]" N.C.G.S. § 50-13.6; *Hudson v. Hudson*, 299 N.C. 465, 473 (1980) ("The facts required by the statute must be alleged and proved to support an order for attorney's fees."); *see, e.g., Hill v. Hill*, 261 N.C. App. 600, 629 (2018) (citing our Supreme Court stating the trial court's failure to render findings on the husband's "refus[al] to provide support . . . at the

time of the institution of the action" element of G.S. 15-13.6 warrants reversal because the trial court did not find all required facts (quoting N.C.G.S. §50-13.6)).[1]

The trial court found, based on an affidavit from Wife's attorney, Wife incurred fees relating to her "*temporary* child support claim totaling $16,949.25" and that Wife made this claim in good faith and lacked sufficient means to defray the costs of litigation. Wife's attorney's fees affidavit, however, considered only the issues of *permanent* child support and alimony and estimated the fees incurred for those matters to be the same—$16,949.25.

The Order is problematic because it awards attorney's fees for *temporary* child support without finding Husband "refused to provide support" under G.S. 15-13.6 or absent Wife requesting attorney's fees for *temporary* child support.

We must vacate under *Fink*, however, to allow the trial court to make the required statutory findings concerning attorney's fees for an alimony claim and for a permanent child support claim.

## III.    Conclusion

We affirm the portion of the Order entitling Wife to alimony. However, based on the numerous mathematical errors in the Order, we vacate the alimony award and remand for further findings and conclusions and to make an award, if it determines

---

[1] In *Hill*, we interpreted this required finding in two parts. There, we concluded the trial court *did* make a finding as to the husband's refusal to provide support adequate under the circumstances but did not have a finding on whether this refusal was "at the time of the institution of the action or proceeding[.]" 261 N.C. App. at 629.

any to be appropriate, based on those new findings. We vacate the attorney's fees award and remand for additional findings, including findings differentiating between attorney's fees for the alimony and attorney's fees for the permanent child support.

AFFIRMED IN PART, VACATED IN PART, AND REMANDED.

Judges STROUD and MURRY concur.

Report per Rule 30(e).